HOUSTON & T. C. R. CO. et al. v. FIFE.†

(Court of Civil Appeals of Texas. Galveston. April 11, 1912. Rehearing Denied May 2, 1912.)

1. COURTS (§ 8*)—JURISDICTION.

Plaintiff, while in Louisiana and a passenger on the train of defendant, was injured in a collision. Defendant's charter (Act La. No. 37 of 1877, § 12) provided that actions might be instituted and maintained only at its domicile at New Orleans, or in case of trespass, in the parish in which the trespass took place. Civ. Code La. art. 2315, provided that

every act which causes damage to another obliges him by whose fault it happened to repair it gave the only right of action for the injury, though the elements of damage allowed under that article were identical with those allowed by the common law in the court of the forum. *Held,* that as the action in this case was transitory, and the statute giving the right was not inconsistent with the local laws of the forum, the defendant railroad company was not entitled to defeat the action by setting up its privilege to be sued in its domicile; the statute having no extraterritorial force as applied to personal injury actions maintainable in another jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 18, 19; Dec. Dig. § 8.*]

2. APPEAL AND ERROR (§ 854*) — REVIEW — REASONS FOR DECISION.

The action of the trial court when correct will not be reversed because based on an improper reason.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3403, 3404, 3408–3424, 3427–3430; Dec. Dig. § 854.*]

3. COURTS (§ 8*)—JURISDICTION — FOREIGN STATUTE—FULL FAITH. AND CREDIT.

While Act La. No. 37 of 1877, § 12, provides that a Louisiana railroad company should not be subject to suit except at its domicile in that state, a denial of this privilege does not apply to a personal injury action brought in a foreign state for an injury occurring in Louisiana, and is not a violation of Const. U. S. art. 4, § 1, providing that full faith and credit shall be given to the public acts of the various states.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 18, 19; Dec. Dig. § 8.*]

4. PLEADING (§ 403*)—ANSWER—CURE OF DEFECT.

In an action against a foreign railroad company for personal injuries which occurred in that state, the petition failed to plead that the laws of the foreign state gave right of action for such damages, but the answer averred that the only basis plaintiff had for his right of action is a certain article of the Civil Code of the foreign state. *Held,* that this averment in the answer entitled plaintiff to introduce evidence as to the article in question and the right of damages thereunder. .

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1343–1347; Dec. Dig. § 403.*]

5. EVIDENCE (§ 80*)—PRESUMPTIONS — FOREIGN LAWS.

In the absence of proof, it will be presumed that the law of another state is the same as the forum.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 101; Dec. Dig. § 80.*]

6. APPEAL AND ERROR (§ 1050*)—REVIEW—HARMLESS ERROR—EVIDENCE.

In an action against a foreign railroad company for personal injuries which occurred in a foreign state, the defendant's answer set up that the action was maintainable only under a foreign statute. *Held* that, that fact having been pleaded, it would be presumed that the rights under the foreign statute were the same as those under the law of the forum, and so the admission of evidence of that fact was harmless error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

7. LIMITATION OF ACTIONS (§ 123*)—STOPPING RUNNING OF LIMITATIONS—PLEADING.

Where a passenger on a railroad company's train was injured in 1906, the filing of a petition praying a recovery of damages for such injuries stopped the running of the statute, even though the petition was defective in failing to allege that the action was maintainable only under a foreign statute, and that fact was not supplied until the filing of the answer long after the period of limitation would have expired had not the petition been filed.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 539; Dec. Dig. § 123.*]

8. CARRIERS (§ 321*)—CARRIAGE OF PASSENGERS—DILIGENCE.

Although in Louisiana a passenger injured in a railroad wreck can recover only under Civ. Code La. art. 2315, providing that, if one person damages another, he whose fault it was must repair the injury, yet a carrier of passengers owes to its passengers the duty of exercising the highest diligence, and so in an action by a passenger injured in that state a charge that, if the injury was caused by the failure of the carrier to use the high degree of care required, the verdict should be for the plaintiff, was not erroneous.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*]

Error from District Court, Harris County; Charles E. Ashe, Judge.

Separate actions by George W. Fife and his wife against Morgan's Louisiana & Texas Railroad & Steamship Company and others. There was judgment for plaintiff in each case against the named defendant, and it brings error. Affirmed.

Baker, Botts, Parker & Garwood and A. L. Jackson, all of Houston, for plaintiff in error. John Lovejoy and J. W. Parker, both of Houston, for defendants in error.

McMEANS, J. The defendant in error, as plaintiff below, instituted two suits in the district court of Harris county, Tex., against Morgan's Louisiana & Texas Railroad & Steamship Company and its codefendants, the Texas & New Orleans Railroad Company, the Houston & Texas Central Railroad Company, and the Southern Pacific Company; one of said suits being for damages for personal injuries sustained by George W. Fife himself, and the other for damages for personal injuries sustained by his wife, Mary Etta Fife. The plaintiff's petition in each case alleged substantially that he and his wife resided in Limestone county, Tex., and that on the 23d day of December, 1905, the defendant Houston & Texas Central Railroad Company, acting for itself and as agent for its codefendants and as a member of an alleged copartnership, composed of the defendants, as common carriers, sold and delivered to the plaintiff and his wife certain tickets good for round-trip passage between Groesbeck, Limestone county, Tex., and Phœbe, Miss., passing over the connecting lines of the defendants between the said points; that while plaintiff and his wife were returning and were passengers by virtue of the return coupons or portions of their ticket, and on January 5, 1906, were traveling as passengers on the railroad of the

plaintiff in error Morgan's Louisiana & Texas Railroad & Steamship Company, and at or near a station thereon by the name of Shriever, in the state of Louisiana, the passenger train on which they were riding "came into violent collision with a freight train," and thereby threw the plaintiff and wife with great force and violence against the seats of the car, causing them serious and permanent injuries in the several particulars described in the two petitions, respectively. These original petitions of plaintiff, constituting his pleadings on which the trial was finally had, were filed August 22, 1906, in the district court of Harris county, Tex., and in due time the plaintiff in error Morgan's Louisiana & Texas Railroad & Steamship Company, a corporation created and domiciled in the state of Louisiana, and a nonresident of the state of Texas, appearing for such purpose, filed its petition and bond for removal of said cause to the United States Circuit Court of the Southern District of Texas, sitting at Houston, and, in response thereto, the judge of the district court of Harris county ordered said causes removed to the United States Circuit Court, and the causes so removed into the United States Circuit Court were continued from time to time therein without any further proceedings aside from the filing of answers therein by the several codefendants (except Morgan's Louisiana & Texas Railroad & Steamship Company, plaintiff in error) until the judge of the United States Circuit Court, on his own motion, remanded the causes to the state court from which they had been removed, and the records with such orders of remand were accordingly filed in the district court April 19, 1910.

The plaintiff in error Morgan's Louisiana & Texas Railroad & Steamship Company, as one of the defendants below, after the causes had been remanded to the state district court, and the records, with orders remanding said causes, had been filed in the state court, for the first time filed its pleadings in the form of original answers thereon, and presenting in their due order of pleading the following matters, to wit: A plea to the jurisdiction of the state court of Texas and of privilege and right on its part to be sued, if at all, in the state of Louisiana and the courts of said state located and conducted at the place of its domicile in the city of New Orleans, or in the parish of Terre Bonne, in which the alleged injury occurred, and alleging in this connection that it (said defendant) was incorporated by a legislative act of the state of Louisiana containing a provision fixing its domicile in the city of New Orleans, and providing that it should be sued only at the place of its domicile, except in cases of trespass, in which event it might be sued in the parish in which such trespass occurred, and that a denial of such right and privilege vested in said defendant under the incorporating act would constitute a failure and re-

fusal of the Texas court to give full faith and credit to public acts of the state of Louisiana, a general demurrer, a general denial, and a special plea, alleging that the injuries complained of occurred entirely in the state of Louisiana and beyond the limits of the state of Texas, and that the right of action, if any, and defenses thereto, existed and were controlled entirely by the laws of the state of Louisiana, and not by the laws of Texas; that no right of action existed under the jurisprudence of the state of Louisiana, either by the common law or upon the principles of the universal law, or otherwise, unless or except by statutory enactment in that state, and that, according to the jurisprudence of the state of Louisiana, such right of action, if any, in that state, would be and was barred by the statutes of prescription of Louisiana of the period of one year from the date of the accident and accrual of the action, January 5, 1906, and that, no right of action having been declared upon or asserted by plaintiff under such Louisiana statute up to the time of filing said answer (April 19, 1910), the plaintiff's right of action, if any he ever had, under and by virtue of the said statute and laws of the state of Louisiana, had become prescribed and barred by the statute of prescription of the said state of Louisiana of one year, and by the statute of limitation of two years of the state of Texas. The codefendants of plaintiff in error filed answers in the federal court, and, after the case had been remanded to the state court, filed amended answers, setting up defenses which need not be stated.

The causes having been remanded to the state court and the records and orders remanding same refiled therein, and the said answers filed, embracing the pleas to the jurisdiction above mentioned the causes were continued thereafter in the state court from term to term without prejudice to the said pleas until the 25th day of February, 1911, during a regular term of said district court, and on which date, in open court, the said pleas to the jurisdiction and of privilege theretofore filed in each of the cases were duly read and presented, and supported by evidence and argument to the court, and upon such hearing were overruled, to which ruling the plaintiff in error duly excepted and reserved its bills of exception. Thereafter, on motion of the defendant in error (as plaintiff below) and over the objection of defendants, the two causes as pending in the district court were consolidated and ordered to be further prosecuted and disposed of as one cause and upon a common record. The causes thus consolidated were tried before a jury and resulted in a verdict and judgment for defendant in error against plaintiff in error Morgan's Louisiana & Texas Railroad & Steamship Company for the aggregate sum of $7,500, of which $6,000 thereof was awarded for the damages

sustained by the plaintiff himself and $1,500 for damages sustained by his wife, and on an instructed verdict judgment was rendered in favor of all the other defendants. From the judgment against it, Morgan's Louisiana & Texas Railroad & Steamship Company has prosecuted an appeal by writ of error to this court.

The first assignment of error presented for our consideration is as follows: "That the court erred in and by virtue of its orders and action overruling and refusing to sustain the pleas to the jurisdiction and venue, and in abatement of the action, and in retaining and exercising jurisdiction in each of said causes, notwithstanding the provisions of section 12 of Act 37 of the Legislative Assembly of Louisiana, approved March, 1877, requiring that actions such as that involved herein against Morgan's Louisiana & Texas Railroad & Steamship Company should be instituted and prosecuted and maintained only at the domicile of said corporation, to wit, New Orleans, La., or in that parish in the state of Louisiana within which 'the acts complained of occurred, and vesting in the said company the right of immunity from having to answer or defend elsewhere than in the state of Louisiana against any action based on the laws of Louisiana, and involving occurrences entirely within the state of Louisiana, which provision, according to its legal effect and meaning, was fully set up and proven through and under said pleas in both of said causes, and in this connection the court erred also in holding that the defendant Morgan's Louisiana & Texas Railroad & Steamship Company had waived and lost its right to plead and avail itself of such privilege and immunity vested in it under said legislative act of having appeared originally in the district court of Harris county, Tex., 'for the purpose of removing to the United States Circuit Court,' and by such rulings and orders the court failed and refused to give full faith and credit to the public acts of the state of Louisiana, thus infringing the provisions of section 1, art. 4, of the Constitution of the United States of America, and all of said proceedings, rulings, and orders of the court herein complained of are set forth and fully shown in defendant's bill of exception No. 1, in each of said causes consolidated, and said bills of exception are hereby referred to as parts hereof."

Plaintiff alleged and proved that he and his wife were injured in the state of Louisiana while being transported over defendant's railroad as the result of a collision of a train upon which they were passengers with another train, and that this occurred on the 5th day of January, 1906. His suits in his own behalf and in behalf of his wife to recover damages for the injuries thus sustained were filed in the district court of Harris county, Tex., on August 22, 1906. The causes were on October 2, 1906, on the appli-

cation of the plaintiff in error, removed to the United States Circuit Court for the Southern District of Texas, sitting in Houston, in Harris county, Tex. After such removal, no pleadings were filed by plaintiff in error in the Circuit Court, and the causes remained in that court until April 19, 1910, when the judge of that court, upon his own motion, remanded the causes to the state court. After the causes were thus remanded, plaintiff in error filed its answers, consisting of a plea to the jurisdiction and the other pleas hereinbefore referred to.

On the hearing of the plea to the jurisdiction the following facts were proved: Plaintiff in error was incorporated and chartered by a legislative act of the General Assembly of the state of Louisiana in the year 1877, said act being No. 37, approved March 8, 1877; that plaintiff in error accepted the terms of said charter, and has constructed and continuously maintained its railroad tracks in said state under and in accordance therewith. The twelfth section of said act reads as follows: "Sec. 12. The domicile of the company shall be the city of New Orleans, and citation shall be served there on the president of said company, or, in his absence, on the secretary, and the company shall be sued only at its domicile, except in actions of trespass, when the company may be sued in the parish in which the trespass has taken place." The validity of this section fixing the domicile and providing for the venue of suits against plaintiff in error has been passed upon and upheld by the courts of the state of Louisiana. The only law of the state of Louisiana affording a right of action for damages for personal injuries, such as were sued for by defendant in error, is article 2315 of the Revised Civil Code of that state, which reads as follows: "Every act whatever of man which causes damages to another obliges him by whose fault it happened to repair it." If this article were repealed, there would be no law in that state to authorize such an action. The alleged injuries of defendant in error and his wife were received by them at the station of Shriever, in Terre Bonne parish, La., while they were passengers on the railroad of plaintiff in error and were returning to their home, which was in Texas, after a visit in the state of Mississippi, and said railroad was under the exclusive management and control of plaintiff in error, and no part of said railroad extended into or was situated in the state of Texas, but situated entirely in the state of Louisiana. It was further shown that the elements of damages for which a recovery for personal injuries would be allowed under article 2315 of the Revised Civil Code of Louisiana, as construed by the courts of that state, were identical with those recognized and allowed by the common law in force in, and as applied by, the courts of Texas in similar actions. The court, after hearing the evidence,

overruled the plea to the jurisdiction, and in this we are of the opinion there was no error.

[1] The first proposition advanced under the first assignment of error is as follows: "Section 12 of Act 37 of the Louisiana Legislative Assembly, approved March, 1877, requiring that actions such as that involved herein against the Morgan's Louisiana & Texas Railroad & Steamship Company be instituted and maintained only at the domicile of said corporation, to wit, New Orleans, La., or in that parish in the state of Louisiana within which the acts complained of occurred, vested in the corporation created by that act the right, privilege, and immunity of being sued only at the points of venue therein provided in all actions against it growing out of occurrences within the state of Louisiana, and based solely on authority of the local laws of that state." This contention cannot be sustained. There is nothing in the act to indicate that the General Assembly in adopting it intended that its force and operation should extend further than to prescribe the venue of suits brought against plaintiff in error locally, and it is clear, we think, it was not intended that it should have extraterritorial force, or that its effect should be to restrict the trial of causes of action for personal injuries, which have universally been held to be transitory and maintainable wherever a court may be found that has jurisdiction of the parties and subject-matter, to the courts of the state where the injury occurred. It seems to be the settled law that the statute of one state giving a right of action is to govern in enforcing the right in another jurisdiction, but that such actions may be sustained in other jurisdictions when not inconsistent with any local policy of the state where the suit is brought. Atchison, Topeka & Santa Fé Ry. Co. v. Sowers, 213 U. S. 67, 29 Sup. Ct. 397, 53 L. Ed. 695; Id., 99 S. W. 190; Stewart v. Baltimore & Ohio Ry. Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537.

That the enforcement of a demand for damages for personal injuries, such as is given by the statute and recognized by the decisions of the courts of Louisiana, is not contrary to or inconsistent with any local policy of this state, the plaintiff in error does not and cannot question. In every state in the Union, we dare say, statutes have been adopted prescribing the venue of local suits, and notably in this state we have a statute which provides that suits against railroad corporations for the recovery of damages for personal injuries shall be brought either in the county where the plaintiff resided at the time of his injury or in the county in which the injury occurred. We do not think that it could be successfully contended that the operation and effect of such statute would deny to the plaintiff the right to bring his action in another jurisdiction, wherein the local policy was not inconsistent therewith, if it belonged to that character of actions known as transitory. Clearly to us it seems that the statute above quoted fixing the venue in suits to be brought against the plaintiff in error have reference to those only that are brought against it in the state of Louisiana.

The second proposition urged under the first assignment presents the contention that the plaintiff in error by merely presenting in the state court its petition and bond for removal to the federal court without further act or proceeding in the federal court, did not constitute a submission to the state court after the cause was remanded. It seems that the trial court held that plaintiff in error had submitted itself to the jurisdiction of the state court when it appeared for the purpose of presenting its petition for removal to the federal court, and that the plea to the jurisdiction filed after the cause was remanded to the state court came too late.

[2] Having reached the conclusion that the plea was correctly overruled on another ground, it is immaterial whether the court's conclusion above stated was correct or not. It is sufficient if a correct result has been attained even if that result is based on a wrong conclusion.

[3] By a third proposition under the first assignment, it is contended that the order overruling the plea to the jurisdiction, asserting the right of plaintiff in error to have this cause prosecuted and adjudicated in the state of Louisiana, the statutes of which afforded the right of action, and according to the venue expressly fixed by section 12 of Act No. 37 of that state, failed and refused to give full faith and credit to the public acts of the state of Louisiana, thus infringing the provisions of section 1, art. 4, of the Constitution of the United States. This contention is met and answered by the conclusion which we have already reached, that Act No. 37 was only intended to prescribe, and can only be construed as having the effect of fixing the venue of suits brought in the state of Louisiana against the plaintiff in error, and was never intended to deny the right of a plaintiff to bring his suit on a transitory cause of action in another jurisdiction when not inconsistent with any local policy of the state wherein the suit is brought. In this view there is no room for the contention that the overruling of the plea to the jurisdiction infringed section 1, art. 4, of the Constitution of the United States. We think the assignment should be overruled, and it is so ordered.

[4] During the progress of the trial defendant in error offered certain portions of the deposition of H. P. Dart of the Louisiana bar, involved in direct interrogatories Nos. 5 and 6 and the answers thereto, as follows:

147 S.W.—75

Direct interrogatory No. 5: "If, in answer to the last preceding interrogatory, you have stated that the right of action inquired about therein does exist and is recognized in the state of Louisiàna by virtue of a local statute or code of that state, please give reference to the same and quote it at length, as part of your answer thereto."

Answer to fifth interrogatory: "Article 2315 of the Civil Code of Louisiana may be found in Merrick's Annotated Edition of the Revised Civil Code, and is as follows: 'Every act whatever of man which causes· damage to another obliges him by whose fault it happened to repair it.' I omit the provisions applying to survivorship. In Louisiana there is no other authority in law for this action for personal injuries than the article just quoted."

Direct interrogatory· No. 6: "If, in answer to preceding interrogatory, you have indicated that authority and basis (if any) upon which the court of the state of Louisiana recognized and awarded damages to those persons who sustained injuries through the fault of others in that state, then state the rule of law obtaining in the state of Louisiana on the date of the alleged injury, and since, with reference to the measure of damages and elements of damage allowed in such cases to the injured party."

Answer to sixth interrogatory: "Our jurisprudence recognizes that the object of the action is to award compensation to the person injured, but not to speculate upon the misfortune or to inflict punishment. The elements considered in establishing the measure of damages are: Compensation for pain and suffering and physical injury: For loss of wages or earnings during the time between the accident and recovery. For personal disfigurement as result of the accident. For the expense of the illness and the care of the same, such as doctors' and nurses' bills, etc. Consideration is given to reduced earning capacity, having regard to the occupation in life or previous earnings of the injured person."

Plaintiff in error objected to the questions to, and the answers of, the witness on the ground that the pleadings of the plaintiff had not declared upon any such statutory right of action as existing in the state of Louisiana, nor alleged the effect thereof, nor alleged the existence in that state of the elements of damage according to the laws of that state as set forth in the answer of the witness, and that there were no such pleadings on the part of the defendant as had the effect of alleging or declaring upon the laws of that state so as to make such matters available to plaintiff and cure the omission in his pleading, or to render the testimony admissible on behalf of plaintiff upon any theory or effect of the pleadings. The overruling of this objection is made the basis of the second assignment of error. Plaintiff in error advances this proposition

under this assignment: "Evidence of a material fact is not admissible in the absence of pleading to support it; and, in order to recover on the authority of the statutory right of action in the state of Louisiana, it was necessary to plead such statute." It may be conceded that the laws of the state of Louisiana giving a right of action for such damages as were sued for herein were not pleaded by plaintiff. But, if upon looking to the answer of the defendant it be found that such laws were pleaded by it, then this defect in the plaintiff's pleadings was cured. Railway v. Miller, 128 S. W. 1171, and authorities cited. Looking to the answers of the defendant, we find in his plea to the jurisdiction the following averments: "And defendant further avers that it is informed and believes that the only basis, if any, plaintiff has or ever had for the right of action for his alleged injuries and damages in the state of Louisiana, and according to the jurisprudence of said state, was and is a certain civil statute of said state of Louisiana enacted by its Legislature, which has not been alleged, recited, or declared upon by plaintiff in his original petition herein." This averment was also made in defendant's answer to the merits. We think the effect of the allegation is that such action as was instituted by plaintiff was authorized by a civil statute of the state of Louisiana, and that this allegation, although made by the defendant in its pleadings, authorized the introduction by plaintiff of the evidence objected to.

[5, 6] But, if we are mistaken in this, we think the action of the court complained of can be sustained upon another ground. In Tempel v. Dodge, 89 Tex. 71, 32 S. W. 514, 33 S. W. 222, our Supreme Court holds it to be "well settled in this state that, in the absence of proof, our courts will presume the law of another state to be the same as our own."

In Railway v. Miller, 128 S. W. 1171, while the Court of Civil Appeals for the ·Fourth District held that, in the absence of an averment of the existence of a law according a right of action, its existence cannot be assumed, it also held that, if the plaintiff had pleaded that his cause of action existed under the laws of Louisiana, the presumption might be indulged that the law there is the same as in this state, and in this connection further held that the averment of the existence of such a law by defendant cured the defect in the plaintiff's pleadings. So from these holdings we may deduce the following: The averment by the defendant that the right of action asserted by plaintiff was afforded by a civil statute of Louisiana cured the want of such pleading by plaintiff and its effect was tantamount to an allegation by plaintiff and admission by defendant that such a law of Louisiana existed. The existence of such a law being so pleaded, the presumption obtained that the law of that state

was the same as our own, and therefore it was not necessary for plaintiff to prove the law. The proof showed that the elements of recovery, or the measure of damages, as recognized and applied under that law, were the same as applied by the courts of this state in similar cases. In these circumstances the admission of the evidence was not reversible error.

The third assignment, which complains of the refusal of the court to give to the jury at the request of plaintiff in error its special charge No. 1, instructing a verdict in its favor on the theory that the only authority for the right of action in this case was article 2315 of the Revised Civil Code of Louisiana, and that as this act was not pleaded by plaintiff a judgment in his favor was not supported by the pleadings, is sufficiently disposed of by our ruling upon the second assignment. The assignment is overruled, as is also the fourth assignment, which complains that for a like reason the court should have granted its motion for a new trial.

[7] The fifth assignment complains of the action of the court in refusing to grant plaintiff in error's motion for a new trial upon the ground, substantially, that even though the allegation in its answer of the existence of the Louisiana law, affording a right of recovery in cases such as this, cured the omission of such allegation in the pleadings of the plaintiff, yet such answers were not filed until more than two years after plaintiff's causes of action accrued, and hence his rights of action were barred by the statutes of limitations of two years of the state of Texas and the statutes of prescription of one year of the state of Louisiana. The injuries for which plaintiff sued occurred on the 5th day of January, 1906, and his original petition upon which the consolidated cases were finally tried was filed August 22, 1906, less than one year from the accrual of the causes of action. We think the filing of the petitions stopped the running of the statutes of prescription and of limitation. The causes of action relied upon in the petitions were the same that were recovered upon, and there was no shifting, at any time from one right of action to another, but, on the contrary, an adherence to the right originally asserted. Railway v. Miller, 221 U. S. 416, 31 Sup. Ct. 534, 55 L. Ed. 789.

[8] The sixth assignment assails the following portion of the court's general charge: "Now if you believe from a preponderance of the evidence that the plaintiff and his wife, either or both, were injured in said collision in any of the respects alleged by plaintiff, and you believe that defendant and its servants and employés failed to use the high degree of care mentioned above in transporting the plaintiff and his wife, and that said failure, if any, was the proximate cause of the injury of the plaintiff and his wife, or either of them, if any, you will return a verdict for plaintiff, but, unless you so find, you will return a' verdict for defendant." It is contended that the foregoing charge was erroneous for the reason that the undisputed evidence showing that the common law on the subject of personal injuries to passengers did not obtain in Louisiana, and that the right of action there was purely statutory and that, if such statutes were repealed, there would be no right of action in Louisiana, the court erred by applying the common law on this subject, which was not applicable to the case, and thus, in effect, assumed to tell the jury that the failure of the defendant to use that "high degree of care" referred to in the charge would be fault on the part of defendant, as used in article 2315, Revised Civil Code of Louisiana, there being no evidence before the court to justify such interpretation of the statute. The objection to the charge cannot be sustained. It seems to be a universal rule of law that carriers of passengers for hire are required to use a high degree of care for the safety of their passengers, and this seems to be the rule in Louisiana as adopted and applied by the courts of that state. Lehman v. Louisiana, etc., Railway Co., 37 La. Ann. 707. In the case cited the Supreme Court of Louisiana says: "Nothing is better settled than that carriers owe to their passengers the duty of exercising a very high degree of diligence, care, skill, and foresight in order to carry them safely. They are bound to * * * the diligence which a good specialist in the particular line of business would exercise, including all the care, caution, and skill which common experience shows to be proper in order to secure safety." The assignment is overruled.

Reversible error is not shown by the seventh assignment, which complains of the admission, over the objection of plaintiff in error, of certain evidence of plaintiff's wife, Mary Etta Fife, and said assignment is overruled without further comment.

The remaining assignment complains that the verdict and judgment are excessive. The testimony as to the extent of the injuries suffered by plaintiff and his wife and the consequent damages sustained by them was conflicting, and it was the peculiar province of the jury to settle the conflict. The evidence most favorable to them warranted a judgment in their favor for the amounts awarded them by the verdict. We find no reversible error in the record, and the judgment is affirmed.

Affirmed.