DAWKINS, J.
Plaintiff sues under the Employers’ Liability Law (Act No. 20 of 1914) for certain injuries to his right hand.
Defendant excepted to. the jurisdiction of the court ratione persona, and, this being overruled, answered, pleading first the unconstitutionality of Act No. 234 of 1920, further that plaintiff had been settled with in full, and otherwise denying any liability.
After the exception to the jurisdiction ivas overruled, and before the answer was filed, plaintiff moved for judgment on the face of the petition, contending that the answer came too late because it was filed more than seven days after service of the petition. This motion was likewise overruled, and after a trial on the merits there was judgment for plaintiff in the sum of $189.75.
Plaintiff appealed, and defendant answered urging all of the defenses set up in the court below. '
Opinion — Plea to the Jurisdiction.
[1, 2] This plea rests upon the contention that the case is controlled by Act No. 247 of 1920, which provides that such proceedings shall be presented to the court having jurisdiction of civil eases, and that, in so far as the Act No. 234 of the same year attempted to vest jurisdiction in the court where the injury occurred, the same was repealed by the subsequent provision in the later act, amending the same section (18) of the Act No. 20 of 1914, as being the last expression of legislative will.
However, both acts were approved on the. *219 same day during the session of the Legislature of 1920, and must be construed as one act, unless there be a necessary conflict. 25 R. O. L. p. 923; 36 Oyc. ■ — •. We find no such conflict; the one statute follows the ordinary rule, providing for suits at the defendant’s domicile, while the other (Act No. 234) permits them to be brought where the injury happened. It is true that both purport to amend and re-enact the same section (18) of the Act No. 20 of 1914; but, even if they were treated as independent legislation, and one as preceding the other, whichever had the effect of amending and re-enacting the said section first would have superseded it, and said section as part of the Act of 1914 would have ceased to exist when the second statute of 1920 was passed, and the reference thereto in the latter would have been mere surplusage; the result being that the new act would become independent legislation on the same subject-matter. It would then have to be construed under the ordinary rules of interpretation, and, since there is no conflict, the consequences would be the same as if the two acts of 1920 were treated as concurrent legislation upon the same subject.
Plea of Unconstitutionality.
[3] It is contended that the jurisdictional provision of Act No. 234 of 1920 was not covered by its title, and was therefore without effect under the article 31 of the Constitution of 1913.
This statute quotes in full in its title the title of Act No. 20 of 1914, although its purpose was to amend only section 18 of the latter; and, if the title of Act No. 20 was sufficient to cover the jurisdictional provision, then it was likewise sufficient for the statute of 192Ó. That title reads:
“An act prescribing the liability of an employer to make compensation for injuries received by an employee in performing services arising out of and incidental to his employment-in the course of his employer’s trade, business or occupation in certain trades, business and occupations, abolishing in certain cases the defenses of assumption of risk, contributory negligence and negligence of a fellow servant in actions for personal injury and death, establishing a schedule of compensation, regulating procedure for the determination of liability and compensation thereunder and providing for methods for payments of compensation thereunder.”
' The object of the law of 1914 was to establish an employers’ liability statute fixing definite standards of compensation, abolishing the usual defenses, and to provide machinery for carrying that purpose into effect. We think, therefore, that the words in the title “regulating procedure for the determination of liability” were sufficient to give notice of the purpose to deal with the jurisdiction of the courts which were to determine such liability. We do not think it was necessary that the amending act should, in its title, mention every detail of the amendment, but it was sufficient that it dealt with the -same subject-matter which was covered by the section amended in the former law.
Motion for Judgment on the Petition.
[4] Plaintiff contends that because the law allows only seven days within which to answer, and in default thereof permits the taking of judgment on the petition, when the defendant has failed to answer within that time, he became, as a matter of right entitled to judgment when the answer was not filed within that delay. This leaves out of consideration the fact that defendant had urged an exception which, if sustained, would have-, dismissed the suit, and to have answered before the same was passed upon would have-had the effect of waiving that defense. The answer was tendered promptly upon the overruling of the exception, and since the judge-had the discretion of granting further time for answering, he has, by his ruling, in effect, exercised that power.