# TEXAS PIPE LINE CO. v. WARE.

(Circuit Court of Appeals, Eighth Circuit. September 20, 1926.)

No. 7224.

**1. Removal of causes ⟷111.**

United States District Court is invested with complete and plenary jurisdiction of parties and of subject-matter of case removed from state court.

**2. Removal of causes ⟷118.**

Amendment to complaint after removal of cause for personal injuries to federal court, electing that case should be governed by Louisiana Workmen's Compensation Act, *held* not to defeat jurisdiction of federal court.

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Action by J. L. Ware against the Texas Pipe Line Company, removed from a state court. Judgment for plaintiff, and defendant brings error. Affirmed.

L. B. Smead, of Camden, Ark. (H. E. Meek, of Camden, Ark., and J. S. Atkinson, of Shreveport, La., on the brief), for plaintiff in error.

Wade Kitchens, of Magnolia, Ark., and William H. Arnold, Jr., William H. Arnold and David C. Arnold, all of Texarkana, Ark., for defendant in error.

Before SANBORN, STONE, and KENYON, Circuit Judges.

KENYON, Circuit Judge. This action was commenced in the circuit court of Fayette county, Ark., in April, 1924, by J. L. Ware, defendant in error (who for convenience, however, will be designated as plaintiff), against the Texas Pipe Line Company, plaintiff in error (designated as defendant), to recover damages in the sum of $10,000 for personal injury to plaintiff while in the employ of defendant. A petition for removal of the cause of action to the federal court was filed by defendant, and on August 11, 1924, the case was removed to the United States District Court for the Western District of Arkansas. In that court defendant moved to compel plaintiff to make the complaint more specific, by stating whether or not his contract of employment was executed with reference to the Workmen's Compensation Law of Louisiana (Act No. 20 of 1914, as amended), and whether or not he was seeking to enforce liability devolving upon defendant under the said act.

Plaintiff conceded said motion and filed an amendment to his complaint, alleging that the suit was brought in a double aspect, but,

if required so to do, he would elect that the case should be governed by the Workmen's Compensation Law of Louisiana. Defendant then moved, inasmuch as plaintiff's complaint and amendment thereto alleged a right to recovery under said Workmen's Compensation Law for personal injury occurring within the state of Louisiana, that the same should be dismissed for the reason that the provisions of said Act could not be enforced by any court outside of that state. This motion was overruled by the court, and it proceeded to hear the case without a jury; defendant having filed answer admitting the suit was governed by said Workmen's Compensation Law. The court made findings of fact, among which was one that plaintiff was entitled to compensation at the rate of $18 per week for 100 weeks, and that certain credits were to be allowed. The judgment entered recited that "this cause came on to be heard on May 2, 1925, before the court, under the provisions of the Workmen's Compensation Law of the state of Louisiana," and ordered, adjudged, and decreed that the plaintiff recover of defendant compensation for 76 weeks, at the rate of $18 per week, the first payment to be due February 1, 1924.

Defendant, in the assignment of errors and in the brief, presents but one question, viz. the injury to plaintiff having occurred within the state of Louisiana, can the action for compensation, based on the Workmen's Compensation Law of that state, be brought in any other courts than those of the state of Louisiana?

[1, 2] It is without question that, when the case was removed upon petition of defendant from the state court to the United States District Court, and there lodged, such court was invested with complete and plenary jurisdiction of the parties and of the subject-matter. Did the amendment filed, setting forth the nature of the case as one to enforce rights granted by the Workmen's Compensation Law of Louisiana, change this situation?

It is the well-established general doctrine that rights created by statutes of the states may be enforced in the federal courts, necessary jurisdictional facts existing. In *Northern Pacific R. Co. v. Babcock*, 154 U. S. 190, 14 S. Ct. 978, 38 L. Ed. 958, the Supreme Court said: "Rights and remedies provided by the statutes of a state to be pursued in its courts may be enforced and administered in the federal courts, either at law, in equity, or in admiralty, as the nature of the new rights and remedies may require." In *National Surety Co. v. State Bank*, 120

F. 593, 603, 56 C. C. A. 657, 667 (61 L. R. A. 394) this court said: "Rights created and remedies provided by the statutes of the states, to be pursued in the state courts, may be enforced and administered in the national courts, either at law, in equity, or in admiralty, as the nature of the rights or remedies may require." Evey v. Mexican Ry. Co., Ltd., 81 F. 294, 26 C. C. A. 407, 38 L. R. A. 387; Clark v. Russell, 97 F. 900, 38 C. C. A. 541; Dennick v. Central R. Co., 103 U. S. 11, 26 L. Ed. 439.

State statutes, attempting to limit procedure to the state courts to enforce or secure rights created by the legislative authority of a state, have not been successful in accomplishing any such result. Such statutes cannot prevent the exercise of jurisdiction by the federal courts, where the facts exist which under the Constitution and the statutes of Congress give jurisdiction to such federal courts.

In Tennessee Coal Co. v. George, 233 U. S. 354, 34 S. Ct. 587, 58 L. Ed. 997, L. R. A. 1916D, 685, a statute of Alabama (section 3910) made the master liable to an employé when the injury was caused by reason of a defect in the conditions of ways, wires, machinery, etc. Section 6115 of the Alabama Code provided that all actions under said section 3910 must be brought in a court of competent jurisdiction within the state of Alabama and not elsewhere. The action was brought in another state. The full faith and credit clause of the federal Constitution (article 4, § 1) was involved. The court said: "But venue is no part of the right, and a state cannot create a transitory cause of action, and at the same time destroy the right to sue on that transitory cause of action in any court having jurisdiction. That jurisdiction is to be determined by the law of the court's creation, and cannot be defeated by the extraterritorial operation of a statute of another state, even though it created the right of action."

In Atchison, Topeka & Santa Fé Ry. Co. v. Sowers, 213 U. S. 55, 67, 29 S. Ct. 397, 401 (53 L. Ed. 695), it was contended that the statute of New Mexico created a new statutory cause of action, taking the place of a common-law right and that the provision that the action should be brought only in a particular district was enforceable. The court said: "An action for personal injuries is universally held to be transitory, and maintainable wherever a court may be found that has jurisdiction of the parties and the subject-matter." And the court held that the jurisdiction of the Texas courts was not de- feated because of the provision of the statute of New Mexico herein referred to. Stewart v. B. & O. R. Co., 168 U. S. 445, 18 S. Ct. 105, 42 L. Ed. 537; Herrick v. M. & St. L. Ry. Co., 31 Minn. 11, 16 N. W. 413, 47 Am. Rep. 771.

In Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439, Justice Miller pointed out that, where the several states have substituted the statute for common law, it would be a dangerous doctrine to hold that the liability thereby created could only be enforced in the state where the statute was enacted and the transaction occurred, and that if an action was a personal one, and of a character recognized as transitory and not local, no reason existed why a defendant could not be held liable in any court where jurisdiction could be obtained.

In American Tank Co. v. Continental & Commercial Trust & Savings Bank et al., 3 F.(2d) 122, 126, this court had before it a question as to the enforcement of a mechanic's lien under the Arkansas statutes. One section of the mechanic's lien law provided that all liens created by the act must be enforced in the circuit court of the county wherein the property on which the lien exists is situated, and that no action had been so commenced. This court said: "But in cases wherein, as in this case, a party by virtue of the amount involved and the residence and citizenship of the parties, or by virtue of other facts vesting jurisdiction in the federal court, is entitled to invoke its jurisdiction to enforce its lien, the power is vested in and the duty is imposed upon that court to enforce the civil rights and remedies of that party created by the statutes of the state and enforceable in the courts of that state."

In Clark v. Russell, 97 F. 900, 38 C. C. A. 541, this court discusses the question of a right of action under a Nebraska statute imposing liability for damages inflicted upon a person or passenger while being transported over a railroad, except in certain cases. The action was brought in the state court of Colorado and removed to the United States court. It was claimed it could not be prosecuted in the court of any jurisdiction except Nebraska. The court held contrary to this contention, and pointed out that the statute gave a substantive right of action and said (page 902 [38 C. C. A. 543]): "That right [recovery for injury] attaches at the moment of the injury, and adheres in it until satisfaction is made. The action is transitory, and may be asserted in any jurisdiction, and in whatever jurisdiction it is asserted the Nebraska statute furnishes the measure of

the plaintiffs' right, so far as its provisions extend."

The general rule as to the pursuit in the courts of other states or of the nation of rights created by a state is subject to the limitation that the right sought to be enforced is not inconsistent with any local or public policy of the state where suit is brought in its courts to enforce the right, or with the public policy of the United States if suit is brought in the federal courts.

In Atchison, Topeka & Santa Fé Ry. Co. v. Sowers, 213 U. S. 55, 67, 29 S. Ct. 397, 402 (53 L. Ed. 695), the court stated the rule as follows: "It is then the settled law of this court that in such statutory actions the law of the place is to govern in enforcing the right in another jurisdiction, but such actions may be sustained in other jurisdictions when not inconsistent with any local policy of the state wherein the suit is brought." Texas & Pacific Ry. Co. v. Cox, 145 U. S. 593, 12 S. Ct. 905, 36 L. Ed. 829; Chicago & E. I. R. Co. v. Rouse, 178 Ill. 132, 52 N. E. 951, 44 L. R. A. 410; Nashua River Paper Co. v. Hammermill Paper Co., 223 Mass. 8, 111 N. E. 678, L. R. A. 1916D, 691; Reynolds v. Day et al., 79 Wash. 499, 140 P. 681; Houston & T. C. R. Co. et al. v. Fife (Tex. Civ. App.) 147 S. W. 1181.

The theory of the defendant in this case must be that the Workmen's Compensation Law of Louisiana so blends the right and the remedy that the right cannot be enforced, except in the particular method and according to the procedure designated by the act, and that such procedure is applicable only to the state courts of Louisiana. The leading case cited by defendant in support of its theory is Logan v. Missouri Valley Bridge & Iron Co., 157 Ark. 529, 249 S. W. 21, That was a case that arose out of the Workmen's Compensation Act of Oklahoma. Such act provided for an administrative board to which the claims were to be presented. There was no provision for any court action or judgment of the court. The rights asserted were to be determined by a board. That case bears no similarity to this. This is true, also, of other cases cited by defendant.

In Tennessee Coal Co. v. George, 233 U. S. 354, 359, 34 S. Ct. 587, 588 (58 L. Ed. 997, L. R. A. 1916D, 685), the court says: "There are many cases where right and remedy are so united that the right cannot be enforced except in the manner and before the tribunal designated by the act. For the rule is well settled that, 'where the provision for the liability is coupled with a provision for a special remedy, that remedy,

and that alone, must be employed.'" Galveston Ry. v. Wallace, 223 U. S. 481, 490, 32 S. Ct. 205, 56 L. Ed. 516; Stewart v. B. & O. R. Co., 168 U. S. 445, 18 S. Ct. 105, 42 L. Ed. 537.

The proper application of the propositions hereinbefore discussed brings out the real question in the case, viz.: Is the right of compensation created by the state of Louisiana in its Workmen's Compensation Law so inseparable from and united with the remedy provided as to make its enforcement in a particular method and in a particular tribunal necessary? Its solution requires consideration of the statutes involved.

Section 39 of the Louisiana Workmen's Compensation Act (Act No. 38 of 1918), provides as follows:

"The word 'court' as used in section 37 of this act means the criminal court having jurisdiction of the person making the false statement or representation, but wherever else used in this act, the word 'court' shall be construed to mean the court which shall have jurisdiction over the employer in a civil case involving more than one hundred dollars, unless said court shall not have jurisdiction on account of the amount involved in which event it shall mean the count having jurisdiction, or where there is more than one judge of said court, then either or any of said judges of said court."

Subsection 1 of section 18 of this act, as amended by act designated as No. 234 (of 1920), reads as follows:

"Be it further enacted, etc., that in case of a dispute over, or failure to agree upon a claim for compensation between employer and employee, or the dependents of the employee, either party may present a verified complaint to the judge of the district court of the parish in which the injury was done or the accident occurred, or, where there is more than one judge of said court, then to either or any of said judges of such court, or when the amount in dispute is below the jurisdiction of the district court, then said verified complaint may be presented to any justice of the peace of the ward in which said injury was done or accident occurred, or to any court at the domicile of the defendant having jurisdiction of the amount in dispute, at the option of the plaintiff, setting forth the names and residence of the parties and the facts relating to employment at the time of injury, the character and extent of the injury, the amount of wages being received at the time of the injury, the knowledge of the employer or notice of the occurrences of said injury and such other facts as may be

necessary and proper for the information of said judge and shall state the matter or matters in dispute and the contention of the petitioner with reference thereto, including all facts which are in this act or in any amendment thereof, made conditions under which compensation may be granted."

The Supreme Court of Louisiana held that the two acts (Nos. 234 and 247 of 1920) on the same subject should be construed as one, there being no conflict between them. Kinney v. Edenborn, 151 La. 216, 91 So. 712. The provision of the act designated as No. 234 with reference to action being brought in any court at the domicile of the defendant is ineffective in itself, assuming such to be its purpose, to limit the right of action to the courts of the state of Louisiana, as we have before pointed out. American Tank Co. v. Continental & Commercial Trust & Savings Bank (C. C. A.) 3 F.(2d) 122, 126; Houston T. C. R. Co. v. Fife (Tex. Civ. App.) 147 S. W. 1181, and cases heretofore cited. It is to be observed that the act under consideration creates no special board or commission to determine the matters at issue, as was the situation in Logan v. Missouri Valley Bridge & Iron Co., supra. The remedy provided to enforce the provisions of the act is a proceeding in a court of justice, viz. a suit.

Section 7, subdivision 3, of the act (No. 247 of 1920), refers to "party plaintiff," "such suit," "such damages," "the judgment," "the court rendering the judgment." Section 8, subdivision 8 (Act No. 247 of 1920), uses the term, "if approved by the court." Section 9, subdivision 3 (Act No. 38 of 1918), provides: "The court, upon application of either party, shall order an examination of the employee to be made by a medical practitioner appointed by the court."

Section 18, subdivision 2 (Act No. 234 of 1920), refers to the presentation of the complaint and the filing of it with "the clerk of the court," and the fixing by order of the court of a time and place for the hearing, and that a copy of the complaint and order shall be served as summons "in a civil action upon the adverse party." Also: "The court in its discretion may grant further time for filing the answer or hearing the complaint and allow amendments of said petition and answer at any stage of the proceedings." Section 18, subdivision 3 (Act No. 234 of 1920), refers to "the judge of the court" entering a judgment. Section 18, subdivision 4 (Act No. 234 of 1920), refers to the court and to judgment being entered, and the right of the parties to be present at the hearings

or to appear through an attorney, and that "the judgment rendered by the court shall have the same force and effect and may be satisfied as other judgments of the same court."

Defendant insists that certain provisions of the act make impossible its enforcement, except in the method therein provided. For instance, that the judgment provided for is not such as a federal court could render; that the provisions as to advancing the cause upon appeal for hearing could not be applicable to federal practice; that the review of the judgment provided by section 20 of the act (No. 38 of 1918) could not be done in a federal court. That there may be difficulties in enforcing in the federal courts the Workmen's Compensation Acts may be true, but they are not to be regarded as insuperable, unless they are in fact so. Douthwright v. Champlin, 91 Conn. 524, 100 A. 97. The trial court seemed to have no difficulty as to the procedure applicable to the trial of the case.

We are of the opinion that the right of compensation for personal injury under certain circumstances provided by the Louisiana Act was not so interwoven with the remedy "as to make the right dependent upon its being enforced in a particular tribunal." Tennessee Coal Co. v. George, 233 U. S. 354, 34 S. Ct. 587, 58 L. Ed. 997, L. R. A. 1916D, 685. Nor are we at all certain that the lawmaking body of that state had any intention of creating a right conditioned on a particular remedy.

In Blount v. Kansas City So. Ry. Co. (D. C.) 5 F.(2d) 967, 970, in an opinion by District Judge Dawkins (which is of interest because Judge Dawkins had formerly been a member of the Supreme Court of Louisiana, when that court passed on certain questions with reference to the Workmen's Compensation Law, and wrote the opinion in Kinney v. Edenborn, 151 La. 216, 91 So. 712), he held that the act did not confine to the state courts the right to pursue claims thereunder, and said: "I cannot agree that it was even the intention of the statute to deny that right to persons who, because of their citizenship, are given the privilege of going into federal court for the assertion of such claims, and, if it did, the provision would be in conflict with the Constitution of the United States."

The right to compensation for injury to an employé under certain conditions was provided by the Louisiana statutes. That right is governed and conditioned by the law of the state where granted. The remedy pro-

vided to enforce it was a court action, which is governed by the law of the forum. This action was a transitory one, and could be maintained in a court of the United States having jurisdiction of the subject-matter and the parties. Undeniably the right sought to be enforced is not in any way contrary to the public policy of the United States. The effort to confine the action to the domicile of defendant was ineffectual. Plaintiff had a choice of tribunals in which to test his right to compensation. As said in Davis v. Gray, 16 Wall. 203, 221, 21 L. Ed. 447: "A party by going into a national court does not lose any right or appropriate remedy of which he might have availed himself in the state courts of the same locality." There may be some few provisions of the act which perhaps could be more easily carried out in the courts of Louisiana. Such provisions can properly be held to apply where a suit is brought in the state court. We see no insuperable difficulties, however, to the federal courts enforcing the provisions of this Compensation Law. There is no sound reason to challenge the jurisdiction of the United States District Court in this case.

The judgment entered by it is affirmed.