LANDWEHR, WIFE OF NAWLO, v. AMERICAN CAN CO.

(January 17, 1927. Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Master and Servant, —Par. 159.**

The loss of one phalange of the little finger and of a part of one phalange of the two adjoining fingers is not an injury compensable under Subsection (e) of Section 8 of the Compensation Law.

(The recent amendment of Act 20 of 1914 is Act 85 of 1926. Editor's note.)

Appeal form Civil District Court, Division "B". Hon. Mark M. Boatner, Judge.

Action by Mrs. Josephine Landwehr, wife of William J. Nawlo, against American Can Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Jos. H. Brewer, of New Orleans, attorney for plaintiff, appellant.

Jno. E. Jackson, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J.   This is a suit under the Workmen's Compensation Law.

Plaintiff was employed in operating a machine which pressed or punched tin disks into tops for tin cans.  The tips of the fingers of her right hand were caught in the machine and she suffered the loss of one phalange of the little finger and a part of one phalange of two other fingers.

Defendant paid compensation at the rate of 60 per cent of plaintiff's wages for twelve weeks under Subsection (a) of Section 8 of the law which provides for compensation:

(a) "For injury producing temporary total disability to do work of any reasonable character sixty per centum of wages during the period of disability, not, however, beyond 300 weeks."

The contention of plaintiff is that Subsection (e) and not Subsection (a) of Section 8 governs the case.  This section reads as follows:

(e) "In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a member of (or) any physical function is seriously permanently impaired, the court may allow such compensation as is reasonable in proportion to the compensation herein specifically provided in the case of specific disability above named not to exceed sixty per centum of wages during 100 weeks."

The argument is that plaintiff's injuries are permanent and are not covered by other provisions of the act and that the usefulness of plaintiff's hand by reason of the injury to her fingers is seriously and permanently impaired.  Compensation is asked for 100 weeks subject to a credit

in the amount previously paid by defendant.

We are of opinion that plaintiff was properly compensated under Subsection (a), which provides for total and temporary disability.

Plaintiff bases her case on Kinney vs. Edenborn, 151 La. 221, 91 South. 712, which her counsel avers has not been overruled.

"The judgment of the trial court is clearly erroneous if the opinion of the Supreme Court of Louisiana in the case of Kinney vs. Edenborn, 151 La. 221, 91 South. 712, is still the jurisprudence of this state, and that case has not been overruled. In that case the employee lost the first joint of the second finger, a phalange of the third finger, and the tip of the little finger was chopped off. The court held that Section 8, Paragraph 1 (d) and Paragraph 1 (e) permitted recovery, and gave a decision upon the basis of the loss of two and one-half fingers. That case is absolutely and directly in point in the present instance, and shows beyond a doubt that the trial court erred in its application and interpretation of the law and the facts in the present case at bar."

But counsel like all the rest of us is sometimes mistaken, for in Black vs. Louisiana Lumber Co., 161 La. — (not yet reported), the Supreme Court observed:

"For the same reason in Kinney vs. Edenborn, 151 La. 216, 91 South. 712, the court allowed compensation under Subsection (e) for the loss of one phalange of a finger. In that respect, however, the decision was virtually overruled by Bell vs. Merchants Cotton Oil Co., 160 La. 585, 107 So. 436."

In Black vs. Lumber Co. (supra) the court considers at length Subsections (a), (b), (c), (d) and (e) of Section 8. We quote the following as completely disposing of this case:

"(2-3). If it is possible for any proposition to be settled by the jurisprudence of a court of justice, it has been settled by the repeated and consistent rulings of this court and of the Courts of Appeal that, under the Employers' Liability Act, the compensation to be paid for an injury producing disability to do work of any reasonable character is determined, not by Subsection (e), but by Subsection (a), or Subsection (b), or Subsection (c), or Subsection (d), as the case may be. Subsection (a) provides for compensation for an injury producing temporary total disability to do* work of any reasonable character; Subsection (b) provides for compensation for an injury producing permanent total disability to do work of any reasonable character; Subsection (c) provides for compensation for an injury producing partial disability—either temporary or permanent partial disability—to do work of any reasonable character; and Subsection (d) fixes definitely the compensation for certain specified permanent injuries, that is, for the loss of a thumb, finger, toe, hand, arm, foot, leg, or an eye, and for the loss of both hands, both feet, or both eyes, or a hand and a foot. At the end of Subsection (d) is a new paragraph, which was not in the statute before it was amended by the act of 1922, declaring that the permanent total loss of the use of a member—meaning a thumb, finger, toe, hand, arm, foot or leg—shall be equivalent to the amputation of the member. Then follows Subsection (e), making provision for injuries not producing disability to do work of any reasonable character. This subsection provides that 'in cases not falling within any of the provisions already made,' where an employee is seriously permanently disfigured about the face or head, or where the usefulness of a member or any physical function is seriously permanently impaired, the court may allow such compensation as is reasonable in proportion to the compensation thereinabove specifically provided for the cases specified, not to exceed 60 per cent of the wages during 100 weeks. There is a misprint in Subsection (e) in the Act of 1922. The word 'or' is erroneously printed 'of' in the expression, 'where the usefulness of a member of any physical function is seriously permanently impaired'. The word was printed correctly, 'or,' when this subsection was originally enacted, in the amendment of 1916, and also in the amendments of 1918 and of 1920, and it is

printed correctly, 'or,' in the amendment of 1924. To speak of the usefulness of a member of any physical function would not make sense. Therefore, following the Scotch rule, and observing the very obvious typographical error, we must read Subsection (e), in the statute of 1922, as if it said, 'where the usefulness of a member or any physical function,' etc.

"Of course, when a man's hand is seriously permanently deformed and weakened, as in this case, the case is one 'where the usefulness of a member is seriously permanently impaired'. But Subsection (e), in terms, declares that it is not applicable to a case, 'where the usefulness of a member or any physical function is seriously permanently impaired,' except 'in cases not falling within any of the provisions already made'; that is, in cases not falling within Subsection (a), (b), (c) or (d).

"(4). We have decided, at least five times, with the utmost deliberation, and with careful consideration of the several amendments of Section 8 of the statute, that Subsection (e) does not apply to a case falling within the provisions of Subsection (a), Subsection (b), Subsection (c), or Subsection (d). See Mack vs. Legeai, 144 La. 1017, 81 So. 694; Norwood vs. Lake Bisteneau Oil Co., 145 La. 823, 83 So. 25; Garr vs. Wyatt Lumber Co., 147 La. 689, 85 So. 640; Dennis vs. Huber, 151 La. 589, 92 So. 126; and Daniels vs. Shreveport Producing & Refining Corporation, 151 La. 800, 92 So. 341."

For the reasons assigned the judgment appealed from is affirmed.