(107 So. 436)

No. 27614.

## BELL v. MERCHANTS' COTTON OIL CO.

### In re BELL.

(Feb. 1, 1926. Rehearing Denied March 1, 1926.)

*(Syllabus by Editorial Staff.)*

Master and servant ⟜385(12)—Loss of one phalanx of third finger not compensable (Employers' Liability Act, § 8, subsecs. 1 [a]–[e], 3, amended by Act No. 243 of 1916, Act No. 38 of 1918, Act No. 247 of 1920, Act No. 43 of 1922, Act No. 216 of 1924).

Loss of one phalanx of third finger is not compensable under Employer's Liability Act, § 8, subsec. 1 (e), as amended by Act No. 243 of 1916, Act No. 38 of 1918, Act No. 247 of 1920, Act No. 43 of 1922, and Act No. 216 of 1924, in view of subsections 1 (a)–(d), 3.

Certiorari to Court of Appeal, Parish of Caddo.

Action by Fred Bell against the Merchants' Cotton Oil Company for compensation under the Employers' Liability Act. Judgment for claimant reversed, and suit dismissed by the Court of Appeals, and claimant applies for certiorari or writ of review. Affirmed.

Huey P. Long, of Shreveport, for applicant.

E. W. & P. N. Browne, of Shreveport, for respondent.

O'NIELL, C. J. The question in this case is whether the Employers' Liability Act allows compensation for the loss of only one phalanx of a finger. The district court allowed compensation for the injury, under subsection (e) of section 8 of the statute, being Act 20 of 1914, as amended by Act 243 of 1916, by Act 38 of 1918, by Act 247 of 1920, by Act 43 of 1922, and by Act 216 of 1924. The Court of Appeal reversed the judgment and dismissed the suit.

Under subsection (d) of section 8 of the statute the compensation allowed for the loss of a first finger, called the index finger, is 65 per cent. of the weekly wages for 30 weeks; for the loss of any other than the first or index finger, 65 per cent. of the weekly wages for 20 weeks; and the compensation for the loss of two phalanges of any finger is one-half of the compensation that would be allowed for the loss of the finger itself.

In subsection (e) of the same section it is declared that, in cases not falling within any of the provisions already made, if an employee is seriously permanently disfigured about the face or head, or if the usefulness of a member or physical function is seriously permanently impaired, the court may allow such compensation as is reasonable in proportion to the compensation theretofore specifically provided for the disabilities specified, not to exceed 65 per cent. of the weekly wages for 100 weeks.

Thereafter, in subsection 3 of section 8, it is declared that, notwithstanding anything to the contrary contained in the statute, the maximum compensation to be paid thereunder shall be $20 per week, and the minimum $3 per week, and that, if the injured employee's wages amount to only $3 or less per week, the compensation shall be full weekly wages.

The plaintiff in this case lost one phalanx of the third finger. His weekly wages were $13.50 at the time of the accident. Therefore, if he had lost the whole finger, he would have been entitled to 65 per cent. of $13.50, or $8.77½, per week, for 20 weeks, making the total compensation only $175.50. If he had lost two phalanges of the finger, instead of one phalanx, the compensation would have been one-half of $175.50, or only $87.75. And, no matter how high his weekly wages might have been, the maximum compensation that he could have received for the loss of two phalanges instead of the one phalanx of the third finger was only $200; that is, $20 per week for 10 weeks.

The reason why the district court held that this case came under the provisions of subsection (e) was that it was admitted that the loss of the one phalanx of the plaintiff's third finger had not caused even a partial disability to do work of any reasonable character, and the injury was therefore not provided for in subsections (a), (b), or (c). And, as plaintiff had not lost the whole finger, or even as much as two phalanges of the finger, the injury was not provided for in subsection (d). In other words, the case was one, as described in subsection (e), "not falling within any of the provisions already made," and was one where the usefulness of· a member or physical function was seriously permanently impaired. Therefore the court undertook to allow, under subsection (e), "such compensation as was (is) reasonable in proportion to the compensation thereinabove (hereinabove) specifically provided in cases of specific disability above named." Such compensation for the loss of one phalanx of the third finger as would have been reasonable in proportion to the compensation thereinabove specifically provided for the loss of two phalanges of the finger would have been something less than the $87.75 specifically provided for the loss of two phalanges of the finger. But the court could not, under subsection (c), fix the compensation at a sum less than $300, because, according to subsection (3), the minimum allowance was $3 per week, and, according to subsection (c), the term of payment was fixed at 100 weeks. In Garr v. Wyatt Lumber Co., 85 So. 640, 147 La. 689, it was observed that, although the rate of 65 cents per week was only a maximum limit, the period of 100 weeks was not a maximum limit, but a fixed period for which the compensation should be allowed, where it was allowed at all, under subsection (e). The district court, therefore, not unreason-ably, but perusing the precise language of subsection (e), allowed plaintiff the minimum rate of $3 per week for the fixed period of 100 weeks, even though plaintiff would have received only $87.75 if he had lost two phalanges of the finger, and could not have received more than $200 for the loss of two phalanges of the finger, no matter how high his wages might have been.

Our conclusion is that subsection (e) does not allow compensation for the loss of only one phalanx of a finger, even though compensation for such injury is not provided for in any previous provision of the statute, and even though the case is one where the usefulness of a member, or a physical function, is seriously permanently impaired. In a sense, the case is one "not falling within any of the provisions already made" in the statute. But the case is one in which, by necessary implication, the previous and specific provisions of the statute do not allow compensation. The provisions of subsection (e), which are general in character, were not intended to allow compensation for an injury for which other and specific provisions of the statute, by necessary implication, denied compensation. The language of subsection (e) is not peremptory, for it says:

"The court may allow such compensation as is reasonable in proportion to the compensation hereinabove specifically provided in cases of specific disability above named," etc.

If the court cannot allow such compensation as is reasonable in proportion to the compensation specifically provided for the disabilities named, without violating other and mandatory provisions of the law, and without producing an anomalous result, the statute does not compel it.

Our conclusion is that the judgment of the court of appeal is correct. The judgment is therefore affirmed, at relator's cost.