No. 3015

Second Circuit

NAREMORE v. CADDO-DESOTO COTTON OIL COMPANY

(March 14, 1928.  Opinion and Decree.)

(*Syllabus by the Editor*)

1.  **Louisiana Digest—Master and Servant —Par. 159, 159a.**
Under Paragraph (d) 3, Subsection 1, of Section 8, and (d) 15 of Subsection 1 of Section 8 of Act 85 of 1926, the Workmen's Compensation Law, where two of employee's fingers were injured causing 50% disability, he will be entitled to compensation for ten weeks for each finger.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo.  Hon. E. P. Mills, Judge.

Action by John L. Naremore against Caddo-DeSoto Cotton Oil Company, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Julius T. Long, of Shreveport, attorney for plaintiff, appellee.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendant, appellant.

ODOM, J.    Plaintiff brings this suit to recover compensation at $20.00 per week for 300 weeks under the Workmen's Compensation Law as finally amended by Act No. 85 of 1926.

He alleges that while at work for defendant his hand was so injured by accident that he is now unable to do work of a reasonable character.

Defendant admitted, in answer, that it had paid plaintiff compensation at $20.00 per week for ten weeks, and especially alleged that it had paid him all the compensation due him.

There was judgment in the lower court for plaintiff awarding him compensation at $20.00 per week for thirty weeks, with credit for the amount already paid.

Defendant appealed, and plaintiff answered the appeal, asking that the judgment be so amended as to allow compensation for 150 weeks as for the total loss of a hand, as provided in Paragraph (d) 5 of Subsection 1 of Section 8 of Act No. 85 of 1926.

OPINION

Plaintiff was employed as manager of defendant's gin plant at Homer, Louisiana, at a daily wage of $6.00, and while at work on September 4, 1926, got his right hand caught in the wheels or gin gearing.  As a result, a part of the first phalanx of the little finger and all of the first phalanx

of the ring finger on the right hand were cut off. The fingers were not mashed or otherwise lacerated and there was no injury to the other fingers or to the hand.

Plaintiff testified that those parts of his fingers were cut "smooth off," but the testimony of Dr. Sanderson and Dr. Crain tends to show that portions of these fingers were removed by a surgeon by an operation, but they say that plaintiff lost only the first phalanx of the ring finger and only a part of the first phalanx of the little finger.

Counsel for defendant contend that under this testimony plaintiff is not entitled to any compensation, because the act does not allow compensation for the loss of one phalanx of any finger except the thumb, as was held in the case of Bell vs. Merchants Cotton Oil Co., 160 La. 585, 107 So. 436.

They call special attention to the following statement in the Bell case, supra:

"Our conclusion is that Subsection (e) does not allow compensation for the loss of only one phalanx of a finger, even though compensation for such injury is not provided for in any previous provision of the statute, *and even though the case is one where the usefulness of a member*, or a physical function, is seriously permanently impaired."

But this case is governed by the compensation law as amended by Act No. 85 of 1926, which allows compensation for a permanent loss of the use of function of a member.

Paragraph (d) 15 of Subsection 1 of Section 8 of the new act reads:

"In all cases involving a permanent partial loss of the use of function of the member mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such member as the disability to such member bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable under this act for the loss of such member."

The testimony shows that as a result of the injury to his fingers, plaintiff has suffered permanent partial loss of the use of function of two of his fingers, the little finger and the one next to it. In treating the wounds, the physician wrapped and bound the two injured fingers as well as the middle finger which was not injured, to a board which held them straight. They remained in that condition for about sixty days, until the wounds apparently healed. When the fingers were unwrapped and released from the board, they were stiff. When the case was tried in March after the injury in September, they were still stiff. Plaintiff could not close them so as to bring the tips of the fingers to the palm of the hand, and Dr. Sanderson and Dr. Crain both say that condition is permanent. They estimate that the loss of function of these fingers is fifty per cent, and that, from the explanation, seems reasonable to us.

Paragraph (d) 3 of Subsection 1 of Section 8 of Act No. 85 of 1926 reads:

"For loss of any other finger, or a great toe, sixty-five per centum of wages during twenty weeks."

If plaintiff had suffered total loss of both his little finger and the one next to it, he would have been entitled to sixty-five per cent of wages for twenty weeks for each, or forty weeks for both. He did not lose these fingers, but did lose fifty per cent of the function of each. Applying paragraph (d) 15 of Subsection 1 of Section 8 of the act, plaintiff's compensation—

"shall bear such proportion to the amounts

named hereinabove, (paragraph 3) * * * member as the disability to such member bears to the total loss of the member."

The testimony shows that the disability to each of the two fingers is fifty per cent, so that plaintiff is entitled to ten weeks compensation for each finger, or twenty weeks in all.

We note that the District Judge allowed plaintiff compensation for thirty weeks, which indicates that he allowed for disability of the middle finger also. But that finger was not injured at all in the accident. It seems that it was bound up with the others and that as a result it was slightly stiff. But there is no testimony indicating that the stiffness will remain and there is no reason why it should. Dr. Sanderson made it plain that the stiffness of the other two fingers resulted from injury to the tendons. This does not apply to the middle finger, for it was not injured.

Counsel for plaintiff argues that this case falls under the ruling in the case of James vs. Spence & Goldstein, Inc., 161 La. 1108, 109 So. 917, where the court allowed compensation for one hundred and fifty weeks for an injury to the hand. We do not think so. The facts are quite different. In that case, plaintiff's middle finger was perfectly, stiff and he could bend the others on that hand only sightly. He had inflammation of the covering of the bones of the middle finger and bone atrophy in all the fingers, and especially marked in the phanlanges of the middle finger. He was unable to grip anything, because all the fingers were involved, and he was for that reason incapacitated to do the only kinds of work he knew how to do, farming or carpentering.

In the case at bar, there is no injury to the plaintiff's thumb, forefinger or middle finger, and only partial stiffness in the other two fingers. He can bend the injured fingers so as to bring the tips to within one inch of the palm of the hand. Plaintiff says he is a carpenter by trade, although he was not working at that trade when injured, and that he cannot grip the handle of a carpenter's tool. With the hand, the thumb, the forefinger and the middle finger uninjured, and with the other two fingers only partially stiff, we can see no reason why he should not be able to do that kind of work.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be amended so as to allow plaintiff compensation for twenty (20) weeks instead of thirty (30) weeks, and that in all other respects it be affirmed; costs of appeal to be paid by appellee, all other costs to be paid by appellant.