FRUGÉ, Judge.
This is a workmen’s compensation suit. Plaintiff Joseph White was employed by Rapides Packing Company, Inc. On September 26, 1962, while blocking hogs, he sustained an injury to his left ring finger by accidentally cutting himself with an electric saw. Plaintiff was treated for this injury and later returned to work at Rap-ides Packing Company, Inc. Based on this injury, plaintiff brought suit for workmen’s compensation payments against his employer and its compensation insurer, United States Fidelity & Guaranty Co. Plaintiff also prayed for penalties and attorney’s fees under LSA-R.S. 22:658.
The district court rendered a judgment for the plaintiff in the amount of $10.41 for a period of twenty weeks, less payments previously made. It rejected plaintiff’s demand for penalties and attorney’s fees under LSA-R.S. 22:658. From this judgment plaintiff appeals. Plaintiff prays for an increase in the award and a reversal of the trial court’s dismissal of his demand for penalties and attorney’s fees.
Plaintiff contends that the trial court was in error in not awarding compensation payments for a period not to exceed 300 weeks because of his partial disability to do work of any reasonable character.
LSA-R.S. 23:1221(3) provides that compensation shall be paid “[f]or injury producing partial disability to do work of any reasonable character, sixty-five per-centum of the difference between wages at the time of injury and wages which the injured employee is able to earn thereafter during the period of disability, not beyond three hundred weeks.” This provision is applicable when “the injured employee has sustained partial permanent disability that is functional in nature and results in impairment or reduction of his earning capacity. In most of the cases wherein such an award is made it appears that the claimant has returned to work of a similar nature but because of residual functional disability his earning capacity is impaired or reduced.” Lee v. Royal Indemnity Co., La.App., 149 So.2d 606, 607. In the present case, the record shows that there was no disability which impaired or reduced the earning capacity of the plaintiff after the injury at work similar to that which he was doing prior to the injury. The record shows that at the time of the injury plaintiff was blocking hogs at a packing company. Such work is considered as common labor. After the injury he returned to his work of blocking hogs at the packing company. He was transferred from this particular type of work at a later date, but this was because the employer had extra men and wanted to use these extra men instead of the plaintiff for blocking hogs. The transfer was not because of the injury. Plaintiff was a good employee, had no difficulty with his work, and his work was just as good after the accident as before. All of these factors indicate that the plaintiff suffered no partial disability to do work of a similar nature to that done prior to the accident.
*212 Plaintiff argues that the trial court erred in refusing to allow him to call certain employees of the defendant packing company under cross-examination. The record shows that the trial judge refused to allow plaintiff to cross-examine a former fellow employee, LeRoy McGago. Article 1634 of the LSA-Code of Civil Procedure provides in part that “[a]ny party or his representative may be called as a witness and cross examined by an adverse party without the latter vouching for his credibility, or being precluded from impeaching his testimony.” This article also defines “representative” as “an officer, agent, or employee having supervision or knowledge of the matter in controversy, in whole or in part, whether or not he is in the employ of or connected with the party at the time his testimony is taken.” Under the clear wording of this statute, the trial judge should have permitted the witness to be cross-examined by the plaintiff. However, we do not find such to be reversible error in this case. The record indicates that the testimony elicited from the witness on direct examination was very favorable to the plaintiff. The trial judge, who was in a position to observe the witnesses, chose not to accept this favorable testimony, but relied more on testimony in opposition to that of McGago. Under the circumstances, we find no reversible error in the trial judge’s failure to allow plaintiff to cross-examine LeRoy McGago.
Plaintiff also alleges error in the trial court’s failure to allow him to cross-examine Lionel Dozier, who was also an employee of the packing company. However, although the record shows that the trial judge stated that he would not have allowed Dozier to be cross-examined, plaintiff did not submit Dozier for cross-examination. Since plaintiff made no request to cross-examine the witness, then there was no refusal.
In the alternative, plaintiff argues that compensation should be paid him for permanent partial loss of the use of the hand. Such would call for compensation payments for a period of ISO weeks under LSA-R.S. 23:1221(4) (e) and (o). The trial court concluded that the issue was limited to the loss of function to the finger, calling for compensation payments for a period of 20 weeks under LSA-R.S. 23 :- 1221(4) (c) and (o). There was some medical testimony relative to loss of use of function to the entire hand. However, other medical testimony showed that the only functional disability was a 29% loss, of function to the ring finger. From a reading of the entire record, we conclude, that the trial judge was not erroneous in relying on the evidence showing that the only functional disability was the loss of function to the finger. Despite the minimal disability to his hand, plaintiff’s overall ability to perform all aspects of his former employment suffered no impairment. See Lee v. Royal Indemnity Co., La.App., 149 So.2d 606.
Plaintiff also prays for penalties and attorney’s fees under LSA-R.S. 22:-658. The record shows that plaintiff returned to his regular duties and performed satisfactory work. There was no indication that plaintiff had any loss of use of function. As we have concluded, there was no partial disability. There arose, however, a genuine dispute as to the amount of compensation due for loss of function. Under these circumstances, we cannot hold that the defendant insurer was arbitrary, unreasonable or capricious. See Spencer v. Kaiser Aluminum and Chemical Corp., La.App., 152 So.2d 215.
For the foregoing reasons, the judgment of the district court is affirmed.
Affirmed.
On Application for Rehearing
En Banc. Rehearing denied.
CULPEPPER, J., recused.