LOTTINGER, Judge.
This is a Workmen’s Compensation suit against The Travelers Insurance Company, the workmen’s compensation insurer of the plaintiff’s employer, McDermott Fabricators. From a judgment in favor of the defendant, the plaintiff has perfected this appeal.
Plaintiff-appellant, Ernie Brewer, was injured in the course and scope of his employment with McDermott Fabricators on December 2, 1968, when he sustained a cut on his left little finger. Plaintiff-appellant worked in the mechanic department of McDermott, and his job involved work similar to that of a gas station attendant, i. e., putting gasoline in company cars and trucks, greasing them, washing them, removing oil filters, and performing other steps necessary to changing oil, changing tires, and simple mechanical work. His left little finger was injured while he was in the process of adjusting the governor of a running engine of a motor grader. Medical treatment was administered, including stitching, x-rays, bandaging, application of a splint, pain pills and a shot. After being treated for his injury, the plaintiff returned to work the same day and subsequently missed no time from work as a result of this accident. The wound was redressed on December 4, 1968, and again on December 6, 1968, at which time it was noted that the partially lacerated tendon was clean and healing well. He was asked to return to the doctor’s office on December 11, but failed to do so. The company physicians, general practitioners, who treated the plaintiff-appellant, stated that the injury would not prevent the plaintiff-appellant from performing the duties of his employment. An orthopedic surgeon examined the plaintiff-appellant on June 19, 1969, some six and one-half months after the accident, and found a residual restriction of motion as a result of the accident, which the orthopedic surgeon evaluated as a 20% impairment of function of the left little finger and about a 5% impairment of function of the left hand. Co-workers who were associated with the plaintiff-appellant testified that the only trouble they noticed the plaintiff-appellant having in the performance of his job was when his left little finger was bandaged, and it was cumbersome on him to perform certain functions. The plaintiff was terminated from his work in May of 1969, because he had missed several days and apparently complained of pain and aches to his back, which was caused by another industrial accident.
In ruling in favor of the defendant, the Trial Judge found that the plaintiff had not sustained the burden of showing any compensable disability. As to the percentage disability as found by the orthopedic surgeon in the left little finger and the left hand, it was the opinion of the Trial Judge that this was a nonfunctional disability and that under the law set forth in the case of Lee v. Royal Indemnity Company, 149 So. 2d 606 (La.App.lst Cir., 1963), cert, denied, 244 La. 209, 151 So.2d 689 (1963), the plaintiff was not entitled to any recovery under the Louisiana Workmen’s Compensation Act.
The rule is so well established as to make the citation of authority unnecessary that a plaintiff in a compensation case, as in any other civil suit, must establish his claim by a reasonable preponderance of evidence, and that the findings of fact by a Trial Court should not be reversed in the *911 absence of some real substantial basis warranting such action.
From the facts found by the Trial Judge, that is, that the plaintiff-appellant did suffer an injury to his left little finger, that he returned to his job site the same day as the accident occurred, that his only obvious encumberance to the performance of his duties was the bandage placed around his finger, and that none of his fellow co-workers ever heard of the plaintiff-appellant complaining of any pain in his finger or hand, we do not find that the Trial Court was in error in denying recovery under LSA-R.S. 23:1221(1), (2), and (3), temporary, permanent or partial disability.
The main basis of this appeal is grounded on the contention by the plaintiff-appellant that the Trial Court committed an error of the law in construing Lee v. Royal Indemnity Company, supra, as requiring a disability to directly impair performance of work duties before it can be classified as "compensable.” In essence, the plaintiff-appellant contends that under LSA-R.S. 23:1221(4), regardless of whether an injury to a specific member of the body be declared as “functional” so as to interfere with the proper performance of the duties of the employee, or to be declared “non-functional” so as not to interfere, compensation must be allowed.
This Court held in Lee v. Royal Indemnity Company, supra, at 610:
“Plaintiff’s contention that the trial court erred in rejecting his alternative demands for benefits under LSA-R.S. 23:1221(3), pertain to partial permanent disability and LSA-R.S. 23:1221(4) (h) (o) pertaining to partial loss of the use or function of plaintiff’s left leg may be disposed of on the basis that the record fails to establish that the slight disability with which plaintiff has been left is in any way 'functional’ or, in other words, impairs his ability to perform his former employment to the extent that his earning capacity is impaired or reduced. See Vilce v. Travelers Ins. Co., La.App., 24 So.2d 485, and Stogner v. American Motorists Insurance Co., La.App., 123 So.2d 655.” (Emphasis added).
“The cited cases hold, in substance, that benefits payable under LSA-R.S. 23:1221(3) are awarded only when the injured employee has sustained partial permanent disability that is functional in nature and results in impairment or reduction of his earning capacity. In most of the cases wherein such an award is made it appears that the claimant has returned to work of a similar nature but because of residual functional disability his earning capacity is impaired or reduced.
“In the case at bar the medical 'evidence is clearly to the effect that whereas plaintiff does have a 10% disability of his left leg, it is regarded as a non-functional disability which we understand to mean disability of such nature as will not impair or impede his ability to fully perform every aspect of his former occupation of common laborer.”
Whereas Lee v. Royal Indemnity Company, was handed down on January 18, 1963, and certiorari was denied on April 17, 1963, plaintiff-appellant contends that the later case of White v. United States Fidelity & Guaranty Company, 158 So.2d 210 (La.App.3rd Cir., 1963) did not follow the Lee case. In the White case, supra, the plaintiff was a common laborer and sustained an injury to his left ring finger by accidentally cutting himself with an electric saw. There was no disability which impaired or reduced the earning capacity of the plaintiff after the injury at work similar to that which he was doing prior to the injury. The Court concluded that he suffered no partial disability to do work of *912 a similar nature to that done prior to the accident. The plaintiff sought compensation for permanent partial loss of the use of his hand, whereas the Trial Court concluded that the issue was limited to the loss of function to the finger, and rendered judgment for compensation payments for a period of twenty weeks under LSA-R.S. 23:1221(4) (c) (o) at the rate of $10.41 less payments made. The judgment of the Trial Court was here affirmed. It should be pointed out that the plaintiff was the only appellant in this case and that the defendant neither appealed nor answered the appeal asking for a reversal.
In Ventress v. Danel Ryder, Inc., 225 So.2d 765 (La.App.3rd Cir., 1969, writs not applied for), the Court allowed recovery under LSA-R.S. 23:1221(4) for an uncontradicted medical opinion of 10% permanent impairment or loss of function of the back not substantial enough to be disabling but significant enough to produce real ache and soreness. The Court stated that the basis of the award under this particular section of the statute is not disabling, but is to allow a limited award for a permanent residual of a work-injury which does not produce disability but which will seriously hinder the employee for the rest of his life.
We have studied both of the decisions rendered by our brethren on the Third Circuit, and we feel that we are still bound by our decision in Lee v. Royal Indemnity Company, supra. We do not find that the plaintiff-appellant has sufficiently proven that this injury causes him great pain and suffering, nor proven that this injury will impair or impede his ability to fully perform every aspect of his former occupation.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed.
Judgment affirmed.