SAVOY, Judge.
This is a suit for benefits under tthe Louisiana Workmen’s Compensation law. Plaintiff additionally sought statutory penalties and attorney fees.
This suit arose out of an accident that occurred on June 20, 1969. Ken Manuel, a minor, was employed by Odell Vinson Oilfield Contractors, Inc., and while in the scope and course of his employment, he sustained an injury to the middle finger of his right hand. Under the schedule of benefits, Manuel was entitled to compensation at the rate of $45 per week and was paid such compensation by the Travelers Insurance Company, workmen’s compensation insurance carrier of the employer. The compensation was paid for 11 weeks, plus medical expenses in the sum of $122.10.
The record of this case reveals that Manuel mashed the tip of the middle finger of his right hand and was administered emergency treatment at the West Cal-casieu-Cameron Hospital on the same day. X-rays of the injured finger revealed a fracture and Manuel was referred to Dr. Ambrister, an orthopedic surgeon. ■ Dr. Ambrister inspected the finger tip and found it to be attached only by a “small pedicle” and, accordingly, the distal phalanx was amputated.
On August 18, 1969, Dr. Ambrister reported to Travelers the fact of the amputation, and that Manuel had been asked to return to him in six weeks to check his progress. On September 15, 1969, Dr. Am-brister completed another report in which he concluded that the patient was able to return to his usual type of work. Dr. Ambrister additionally stated in reference to the loss of the distal phalanx of the middle finger that, in his opinion, Manuel would suffer a permanent partial loss of 63% of the right middle finger.
The compensation was thus terminated after 11 weeks because the injured employee was at that time pronounced able to return to his usual work. Plaintiff’s claim for additional benefits was based on this report by Dr. Ambrister, and plaintiff’s claim was for benefits based upon the loss of the use of function of the partially amputated finger. Following a trial on the merits, the judge concluded that plaintiff was entitled to additional benefits under LSA-R.S. 23:1221(4) (o) and additionally awarded statutory penalties and attorney fees. Defendant appealed.
In his written reasons for judgment, the trial judge stated in reference to the orthopedic surgeon’s statement concerning the *521 63% permanent partial loss of the right middle finger:
“The Court understands this opinion to mean that, although the plaintiff could return to his usual work and was discharged from further treatment, he had a permanent partial loss of the use or function of the middle finger on the right hand and this was not compensated for fully by the defendants under the provisions of R.S. 23:1221 (4-c-o). Since the plaintiff was entitled to compensation for a permanent partial loss of use or function of a finger, such specific loss amounted to 63% of 65% of wages for 20 weeks.”
The appellants contend that the loss of one phalanx of the middle finger is not a compensable injury. The contention is without merit. Under LSA-R.S. 23:1221 numerous specific disability benefits are listed. It is true that under the provisions of that section, no specific disability award is listed for the loss of one phalanx. Under part 4(c), however, statute provides:
“In all cases involving a permanent, partial loss of the use or function of the members mentioned here and above, compensation shall bear such proportion to the amounts named herein for the total loss of such members as the disability to such members bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable for the loss of such member.”
Under part (4) (c) it is provided that the compensation shall be paid for the loss of any finger other than the index finger at the rate of 65% of wages for a period of 20 weeks. Thus, in reading these two parts together, it is clear that where the plaintiff suffers a permanent partial loss of the use or function of a finger, (other than the index finger), he is entitled to recover a proportionate part of 65% of wages for 20 weeks, depending upon what proportion of loss of use or function he has suffered.
This question was decided in Babineaux v. Great American Insurance Co., 245 La. 718, 160 So.2d 591 (1964). In Babineaux, it was held that the loss of the first phalanx of the index finger was compensable, even if the plaintiff suffered no disabilities or impairment of, physical function as a result of that loss.
Appellants base their contention that the loss is not compensable on the case of Bell v. Merchants’ Cotton Oil Company, 160 La. 585, 107 So. 436 (1926). In Babineaux, the Supreme Court had the following to say about the Bell case and this contention.
“Counsel for plaintiff concede in argument here that under the decisions in Bell v. Merchants’ Cotton Oil Company, 160 La. 585, 107 So. 436, and Odom v. Atlantic Oil Producing Company, 162 La. 556, 110 So. 754, Babineaux would not be entitled to receive any compensation for the loss of only one phalanx of his left index finger. It is contended, however, that the decisions in these cases, rendered in the light of the provisions of the compensation act then in force (Act No. 216 of 1924), led the legislature of 1926 to adopt Act No. 85, which amended and re-enacted Section 8(d) of that act by adding subsection (15), which is now R.S. 23:1221(4) (0), * * * and that he is, accordingly, entitled to compensation for the permanent partial loss of the use or function of his entire left hand although only one phalanx of the index finger thereof has been amputated.”
Babineaux v. Great American Insurance Co., 245 La. 718, 160 So.2d 591, 593 (1964).
In Babineaux the court went on to point out that the legislature by the passage of Act No. 85 of 1926 [now LSA-R.S. 23:1221 (4) (0)] intended to liberalize compensation coverage, and by that act, legislatively overturned the decisions in the Bell and Odom cases.
It is clear that under the statute, Manuel was entitled to recover for the permanent partial loss of the use or func *522 tion of the injured member (his middle finger). The only evidence in the record concerning the amount of loss of use or function sustained is contained in the report of the orthopedic surgeon who performed the amputation. The trial court based its decision upon that testimony, and we find no error in that finding. The trial court properly ruled that since plaintiff’s wages were $80 per week, he was entitled to recover 63% of 65% of $80 or $32.76 per week for a period of 20 weeks, with the defendants being entitled to a credit of $495 for compensation already paid. The formula is a proper interpretation of LSA-R.S. 23:1221(4) (c), (o).
The trial court also awarded penalties and attorney fees in the instant case. We find no error in the trial court’s determination that the failure to continue payment of compensation, as for a permanent partial loss, was arbitrary and without probable cause.
For the above stated reasons, the judgment of the trial court is affirmed. All costs of this appeal to be assessed to the appellants.
Affirmed.