GULOTTA, Judge.
This is an appeal by plaintiff, employee, from a judgment in a workmen’s compensation suit decreeing plaintiff to have a partial disability of the function of the right arm. The defendant has not appealed nor has it answered the appeal taken by plaintiff.
Suit was filed against Phoenix of Hartford Insurance Company, the compensation insurance carrier of plaintiff’s employer, Jefferson Parish School Board.
The issue involved herein is simply whether or not the plaintiff should be compensated under the provisions of the Workmen’s Compensation Act for injury producing a permanent total disability as distinguished from an injury producing permanent, partial disability to do work of a reasonable character.
As in most compensation cases, the issue is factual and based upon medical evidence.
The record reflects that plaintiff, Mrs. Shirley Beverly, wife of Clarence Beverly, was employed as a baker at the T. H. Harris School in the Parish of Jefferson. On December 13, 1967, while in the course and scope of employment, the plaintiff lifted a heavy object resulting in an injury to her right shoulder, more particularly described as a strain of the right trapezius muscle.
Plaintiff contends that the accident and the injury were the direct causes of chronic bursitis resulting in her inability to return to her employment or to do work of a reasonable character.
There was a stipulation that the weekly rate of compensation was $24.05 per week and was paid to the plaintiff up to May 8, 1968, totaling $360.75 and that all medical expenses have been paid through April 15, 1968.
The trial judge rendered judgment awarding to plaintiff compensation at the rate of ten ($10.00) dollars per week, beginning December 13, 1967, and continuing for two-hundred (200) weeks, with interest at the rate of five (5%) percent per an-num on each past due installment from its due date until paid, subject to a credit as stipulated. The judgment was based upon the finding by the trial judge that the plaintiff sustained a partial disability of fifteen (15%) percent loss of the use of the right arm and that the injury was com-pensable under the provisions of LSA-R.S. 23:1221 § 4(f) and (o). The pertinent sections of the Workmen’s Compensation Act read as follows:
“Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
“(1) For injury producing temporary total disability to do work of any reasonable character, sixty-five per centum of wages during the period of disability, not beyond three hundred weeks.
“(2) For injury producing permanent total disability to do work of any reasonable character, sixty-five per centum of wages during the period of disability, not beyond four hundred weeks.
*271 “(3) For injury producing partial disability to do work of any reasonable character, sixty-five per centum of the difference between wages at the time of injury and wages which the injured employee is able to earn thereafter during the period of disability, not beyond three hundred weeks.
“(4) In the following cases the compensation shall be as follows:
* * * * * *
“(f) For the loss of an arm, sixty-five per centum of wages during two hundred weeks.

“(o) In all cases involving a permanent partial loss of the use or function of the members mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such members as the disability to such members bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable for the loss of such member.”

Plaintiff argues that upon the trial court finding that she suffered a fifteen (15%) percent disability of a permanent nature, it necessarily follows that it should have found that plaintiff was permanently and totally disabled, because the amount of the disability of the arm prevented her from carrying out her duties as a baker, which included the lifting of heavy objects. Plaintiff argues that because the disability makes her wholly disabled, she is entitled to full compensation, and thus the trial court erred in assessing “specific disability” to plaintiff because a finding of specific losses is confined to cases where there is neither a total nor a partial disability.
Plaintiff relies on the case of Allen v. Herrin Transportation Company, 192 So.2d 230 (La.App. 4th Cir. 1966); rehearing denied December 5, 1966, in support of her contention. In that case, the Court said that where an employee is totally or partially disabled, he is entitled to compensation under the disability provisions of the Act, even though his disability arose from one of the specific losses mentioned in the schedule of payments under LSA-R.S. 23:1221. We find no fault in the reasoning of the Court in the Allen case; however, it is distinguishable from the case at bar. In the Allen case, the record reflected that the injury, although resulting from a specific loss in the schedule, was such that plaintiff was unable to return to his employment because of the disability and the Court found plaintiff was “wholly disabled”. A finding of total disability does not appear to be the situation in the present case.
Plaintiff in the case before us relies primarily on the testimony of Dr. Byron M. Unkauf, an orthopedic surgeon, who saw plaintiff on twelve different occasions between April, 1968, and November, 1969. He treated the plaintiff with injections of cortisone and novacaine. Dr. Unkauf testified that he anticipated a permanent disability in the vicinity of the shoulder of 10 to 15 percent. Dr. Unkauf testified further that plaintiff was suffering from chronic bursitis of the shoulder resulting from the injury. His further testimony was to the effect that x-rays revealed no calcification in the bursa which would warrant or require an operation to remove it. In connection with plaintiff’s ability to resume her work, Dr. Unkauf testified that in the quiescent period she probably could do her job; however, in the acute phase, it would be utterly impossible. His prognosis was that she might improve and return to normal or might, on the contrary, develop some calcification resulting in an acute attack and require surgery to correct the problem.
Dr. William Fisher, a general surgeon, diagnosed plaintiff’s injury as a muscle strain and recommended medication for pain, a muscle relaxant, an arm sling, and the administration of physiotherapy. He saw her in March of 1968. He testified *272 that any pain could easily be controlled by medication and physiotherapy. Dr. Fisher indicated that after examining plaintiff he was of the opinion that the lifting of heavy objects at the shoulder level would aggravate the problem and that this might affect plaintiff’s ability to work, if heavy lifting were required. However, one month later, he found a normal range of motion in the shoulder and discharged the plaintiff in April, 1968. At that time, he was of the opinion that she had no bursitis and could return to work.
Dr. Isadore Yager, an expert in internal medicine, examined plaintiff on three occasions in February, 1968, and diagnosed her injury as a muscle spasm resulting from a pulled muscle received from lifting a heavy object. On February 26, he advised plaintiff that she could return to work. Dr. Yager found no evidence of bursitis when he saw her, and his opinion was that it was extremely unlikely that the injury of plaintiff had a causal connection with chronic bursitis manifesting itself approximately two years after the occurrence of the injury. He reasoned that had there been a causal connection, bursitis would have resulted shortly after the injury occurred.
Dr. Saer, an orthopedic surgeon, examined plaintiff in April of 1968 and found that she had a full range of motion in the shoulder and was of the opinion that she should be able to return to work. The record reveals that he and Dr. Yager were both of the opinion that it is unusual that traumatic, subdeltoid bursitis would result merely from lifting heavy objects.
The trial judge concluded that the bursitis was connected with the injury sustained and that the amount of the disability approximated 15 percent loss of the use of the right arm. We feel the trial judge was in the best position to weigh the evidence, particularly, since the medical evidence was somewhat conflicting. Great weight must be placed upon the findings of the trial judge, and a judgment on questions of fact should not be disturbed unless there is manifest error. We do not find that the judge committed manifest error in his determination of the fact that plaintiff’s injury was partial permanent rather than total permanent.
The next question to be considered is whether the trial judge properly applied those provisions of the Workmen’s Compensation Act relating to specific losses involving permanent partial loss as opposed to those provisions relating to permanent total disability.
The rule of law applicable to this situation is set forth in the case of Allen v. Insurance Company of North America, 216 So.2d 400 (La.App. 4th Cir., 1968). The Court in Allen stated:
“It is well-settled jurisprudence in this State that if an employee is physically unable to resume the type of work he was doing at the time of his injuries, he is entitled to compensation benefits under the Workmen’s Compensation Act.
“If a specific disability can be shown, the question then arises as to what schedule of payments will be allowed under LSA-R.S. 23:1221. If the employee cannot perform work of any reasonable character, whether temporary total, permanent total, or partial, during the period of disability, then the provisions of subsections (1), (2), and (3) of LSA-R. S. 23:1221 apply. However, if it is shown that the employee is able to return to work irrespective of the injury, then compensation is allowed under one of the specific provisions of subsection (4) of the Act. Washington v. Independent Ice & Cold Storage Co., 211 La. 690, 30 So.2d 758 (1947); Barr v. Davis Bros. Lumber Co., 183 La. 1013, 165 So. 185 (1935); Custer v. New Orleans Paper Box Factory, 170 So. 388, La.App. Orleans (1936).”
We concur with the reasoning of the Court in the Allen case cited herein.
*273 Were we to come to a conclusion consistent with plaintiff’s contention, we would in effect completely read out of the Workmen’s Compensation Act those provisions as incorporated in LSA-R.S. 23:1221 § 3 and § 4(f) and (o). This result is untenable.
After considering the above, we are of the opinion that the trial judge properly applied those provisions of the Workmen’s Compensation Act to the factual findings as reflected by the record. The judgment appealed from is affirmed.
Affirmed.