PRICE, Judge.
By this proceeding plaintiff, Dewey Pen-nywell, seeks to recover benefits under the Workmen’s Compensation Statute for total and permanent disability alleged to have resulted from an accidental injury suffered in the course of his employment at defendant’s sawmill. Plaintiff also claims costs of medical treatment, expenses incurred in travel to out-of-town physicians, and penalties and attorney’s fees.
Pennywell was working as a block setter on the log carriage at the Crawford & Son Tie and Lumber Company, Inc. in Winn Parish, on March 16, 1970, when a cable on the log carriage broke, causing the carriage to hurl backward into a piece of angle iron used as a carriage stop. Plaintiff struck his left elbow on the angle iron, suffering a bone fracture as a result thereof. He was given emergency treatment by Dr. B. W. Floyd in Winnfield, who referred him to an orthopedist in Alexandria, Dr. C. W. Lowrey, for further treatment. Preliminary diagnosis was a chip facture of the spur on the olecranon. Application of a posterior splint was insufficient in alleviating plaintiff’s complaints of pain in the ulnar nerve; therefore, surgery was performed on August 24, 1970, to remove the spur and relocate the ulnar nerve in plaintiff’s elbow. It was also necessary to remove a nodule that had formed in plaintiff’s hand and to cleanse the tendons of his wrist area. After a series of post operative visits and physical therapy treatments, plaintiff was discharged by Dr. Lowrey on January 4, 1971, as having reached a maximum recovery and able to return to his employment. With the exception of some seven weekly payments which were delinquent, defendant paid compensation benefits to plaintiff up until the date of December 31, 1970, at which time no further payments were tendered to plaintiff. This action was brought by plaintiff seeking primarily to be declared entitled to benefits for total and permanent disability to perform the work he was engaged in at the time of the injury, or, alternatively, for such other benefits the court might determine he was entitled to.
After a trial on the merits, the district court found plaintiff was not totally and permanently disabled and awarded him judgment for total disability for 43 weeks (the period from date of injury to January 4, 1971, the date of discharge by Dr. Low-rey), subject to a credit for 36 weeks previously paid by defendant. Plaintiff’s claim for penalties and attorney’s fees was rejected.
On this appeal plaintiff urges the trial court should have found plaintiff totally and permanently disabled to perform the work of a block setter, and, in any event, should have awarded him benefits for a partial permanent disability under the provision of LSA-R.S. 23:1221(4) (f) and (4)(*).
Further, plaintiff contends he should be awarded penalties on all amounts awarded him in this court, inclusive of medical costs paid after suit was filed, together with reasonable attorney’s fees as defendant’s failure to pay was arbitrary, capricious and without probable cause. Additionally, plaintiff urges the trial court erred in not awarding him travel expenses to and from Alexandria for medical treatment.
We find no error in the conclusion of the trial judge that the preponderance of the evidence does not support plaintiff’s claim for total and permanent disability. *833 Plaintiff offered the deposition of Dr. Low-rey in addition to his own testimony in seeking to prove he could no longer perform heavy manual labor or the duties of a block setter in a sawmill.
Dr. Lowrey testified in his deposition that although plaintiff suffered a 15 to 20 percent impairment of his upper extremity as a whole which was permanent, he should he able to do heavy manual labor and could return to the same type of employment. Dr. Lowrey described the basis on which he arrived at the percentage of partial disability as resulting from a slight limitation of dorsiflexion in the left wrist and some atrophy in the left arm. In his opinion, plaintiff would not experience substantial pain in performing the work of a block setter or in manual labor unless his arm was elevated to an extent not normally required in his work.
Although plaintiff testified he was unable to carry out the duties he formerly performed, he did not attempt to return to his job after being discharged by his physician. Plaintiff argues on the appeal that his witness, Dr. Lowrey, was not familiar with the duties of a “block setter” in a sawmill and had no basis on which to form an opinion as to the capability of plaintiff to continue to do this type of work. There is no evidence in the record to substantiate this argument. We do not find plaintiff’s own testimony, uncorroborated and standing alone, is sufficient to overcome the medical testimony of his treating physician, Dr. Lowrey.
However, we are of the opinion the trial judge erred in not awarding plaintiff the benefits for a partial permanent disability as provided in LSA-R.S. 23:1221(4) (f) and (4)(o), which provides as follows:
“Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
* * i{C * * *
(4) In the following cases the compensation shall be as follows: * * *
(f) For the loss of an arm, sixty-five per centum of wages during two hundred weeks.
* * * * * *
(o) In all cases involving a permanent partial loss of the use or function of the members mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such members as the disability to such members bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable for the loss of such member. % ‡. »
The gist of Dr. Lowrey’s testimony is that plaintiff has suffered a permanent impairment of the left arm of between 15 to 20 percent and therefore plaintiff is entitled to this percentage as fixed on the schedule of benefits for the loss of an arm. Favorite v. Johns-Manville Products Corp., 73 So.2d 345 (La.App.Orl.1954); Loflin v. Erectors & Riggers, Inc., 68 So.2d 694 (La.App. 1st Cir. 1953).
There is not sufficient evidence in the record on which to make an award for travel expenses claimed by plaintiff. Although this may well be an item for which the employer is responsible in proper cases, there must be evidence of actual cost expended for this purpose by the claimant on which an award may be based. Murry v. Southern Pulpwood Insurance Co., 136 So.2d 165 (La.App. 3rd Cir. 1962). Plaintiff offered no evidence to show any specific costs incurred for this purpose.
We find plaintiff is entitled to penalties as provided by LSA-R.S. 23:1201.2 for that portion of his claim for compensation accruing and unpaid prior to January 4, 1971 (the date he was reported able to return to his employment by Dr. Lowrey). Most of this arrearage occurred during the month of November, 1970, when defendant failed to pay several consecutive weeks of compensation. No explanation *834 was given by defendant as to why these payments were missed, and as they were more than 60 days overdue at the time suit was filed, we conclude defendant’s failure was arbitrary and capricious, entitling plaintiff to statutory penalties on this amount. For the same reasons, plaintiff is also entitled to penalties for the failure of defendant to pay medical expenses prior to the filing of this action. These expenses, amounting to $1,041.05, were much more than 60 days overdue and the only excuse offered by defendant for its failure was the financial inability to pay them sooner. We do not deem this a sufficient cause to prevent the imposition of penalties and an award of reasonable attorney’s fees in accordance with the statute.
We do not consider it appropriate to impose penalties on the increase in the award by this court over that made by the trial judge on our determination that plaintiff was entitled to the schedule benefit for a permanent partial impairment under Section 1221(4) (f), (4)(o).
In his final medical report, Dr. C. W. Lowrey stated that Pennywell suffered 15 to 20 percent permanent partial impairment as a result of his injury, but he felt Penny-well had recovered such that he should be able to return to his former type employment. Based on this medical report, the employer was not unreasonable or arbitrary in assuming that plaintiff was released to return to full duty and perform his former type of employment. Hebert v. South Louisiana Contractors, Inc., 238 So.2d 756 (La.App. 1st Cir. 1970). Therefore, defendant was not unreasonable in seeking judicial declaration of its ultimate responsibility as an uninsured employer.
Plaintiff is entitled to a reasonable attorney’s fee in accordance with the statute. The record does not indicate much time was spent in the trial of this cause and we deem a fee of $500 to be sufficient.
For the foregoing reasons, the judgment appealed from is amended to award plaintiff compensation benefits for a total of 200 weeks beginning March 16, 1970; the rate of compensation for the first 43 weeks is fixed at .$46.80 and for the remaining 157 weeks the rate shall be $9.36 per week. Defendant shall be given credit for the 36 weeks previously paid at $46.80 per week. Plaintiff is further awarded penalties of 12% on the seven weekly installments at the rate of $46.80 that were past due and owing for more than 60 days at the time of the filing of this action. Plaintiff is also awarded a penalty of 12% of the sum of $1,041.05, the amount of medical expenses that were unpaid by defendant for a period in excess of 60 days. Defendant is further ordered to pay attorney’s fees to plaintiff in the sum of $500.
In all other respects the judgment appealed from is affirmed.