JONES, Judge.
Plaintiff appeals a judgment denying him compensation benefits under the provisions of R.S. 23:1221(4)(e) and (o).[1]
On March 16,1977 while at work plaintiff cut the back of his left hand with a chain saw. The laceration was 2Vz inches across, Vsth deep and required 6-8 sutures to repair. It only penetrated the subcutaneous tissues of plaintiff’s hand and did not cut any tendons. His treating physician, Dr. James L. Zum Brunnen, an orthopedic surgeon, stated because it was not a dirty, jagged wound as often occurs in chain-saw cuts, he repaired it in his office.
In Dr. Zum Brunnen’s absence plaintiff was released by an associate orthopedist to return to work on April 18 with a diagnosis of no residual disability. On May 25, following an examination of plaintiff, Dr. Zum Brunnen wrote a report wherein he opined that plaintiff had full flexion and extension of all of the fingers and that there was no evidence of adhesions of the extensor tendons in the injured region. The report stated there was an area of anesthesia distal to the transverse laceration on the dorsum of the hand and because of the anesthesia and mild residual discomfort, plaintiff had a 5% permanent physical impairment to the left hand. On July 15, Dr. Zum Brunnen wrote a supplemental report in response to defendant’s request and stated:
“The disability is not functional and in fact no way impairs his ability to perform his regular work or any other type work. If I was rating his ability to work then I would say he would have 100% ability to work and zero % disability or impairment.”
Relying on this report the insurer terminated compensation benefits.
The issue is has plaintiff sustained a loss of use or function of his hand because of the anesthesia across the back of his hand.
For plaintiff to have a claim within the provisions of R.S. 23:1221(4)(e) and (o) he need only establish that as a result of his compensable injury he sustained partial loss of the use or function of his hand. He is not required to establish disability to perform work. Babineaux v. Great American Insurance Company, 245 La. 718, 160 So.2d 591 (La.1964).
Every permanent physical abnormality resulting from a job-related injury does not constitute a loss of use or function within the contemplation of R.S. 23:1221(4)(a)-(p). In Fontenot v. Ramey Well Service, 191 So.2d 353 (La.App., 3d Cir. 1967, writ refused), plaintiff was denied compensation where he had numbness over a six inch wide area from his sternum around the right side of his chest to within two or three inches of his spine. The court there stated:
“The numbness which he experiences does not inconvenience or interfere with any activity which he may want to pursue. Its only effect being that he will be insensitive to pin pricks, burns or pain in the affected area.” Id. p. 357.
The court held this impairment not to be a loss of a physical function under the provisions of R.S. 23:1221(4)(p).[2]
*247 The loss of a testicle where there is a remaining testicle does not create a loss of function justifying compensation within (4)(p). Horn v. Venable & McDonald, 142 So. 615 (La.App., 2d Cir. 1932); Tuggle v. United States Fidelity & Guaranty Company, 228 So.2d 671 (La.App., 1st Cir. 1969).
In Ryan v. Aetna Casualty & Surety Company, 161 So.2d 286 (La.App., 2d Cir. 1964), plaintiff, who sustained burns leaving a scarred area over the back of both hands, was denied compensation under the provisions of R.S. 23:1221(4)(e) and (o). The skin on the back of plaintiff’s hands remained loose and pliable, unattached to tendons or ligaments. There was no loss of motion. The court found plaintiff’s evidence failed to establish sufficient sensitiveness around the scar area to be of disabling nature.
In his trial deposition, Dr. Zum Brunnen emphatically stated that in his opinion plaintiff sustained no functional loss to his hand because of the absence of feeling which extended from one to two inches distal from the 2lh inch transverse scar across the back of plaintiff’s hand. The doctor recognized that generally the loss of the sense of feeling is a loss of function but concluded that because “the sensory function on the back of the hand is of very little use in the hand”, the anesthesia on plaintiff’s hand did not create a loss of hand function. The doctor explained that when he assigned 5% physical impairment to plaintiff’s hand because of the sensory abnormality, he did not contemplate this assignment to be an expression of functional disability. The doctor testified the absence of feeling across a portion of the back of plaintiff’s hand would not adversely affect the use or function of the hand.
Plaintiff in a workmen’s compensation case bears the burden of proving by a preponderance of the evidence the essential elements of his claim, including loss of use or function of the injured member. Dunn v. Glen D. Lowe Company, 346 So.2d 1337 (La.App., 3rd Cir. 1977). There is no evidence to establish that a loss of feeling over a portion of the back of the hand affects the function or use of the hand.
Dr. Zum Brunnen was the only medical expert who testified in this case and his testimony supports the decision of the trial judge denying plaintiff’s claim.
We affirm the trial court judgment at appellant’s cost.

. The pertinent portion of R.S. 23:1221 relied on by the plaintiff is as follows: “Compensation shall be paid under this Chapter in accordance with the following schedule of payments: * * * (4) In the following cases the compensation shall be as follows: * * * (e) For the loss of a hand, sixty-six and two-thirds per centum of wages during one hundred fifty weeks. * * * (o) In all cases involving a permanent partial loss of the use or function of the members mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such members as the disability to such members bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable for the loss of such member.”

. § 1221(4)(p): “In cases not falling within any of the provisions already made, * * * where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and in proportion to the compensation hereinabove *247 specifically provided in the cases of specific disability, not to exceed sixty-six and two-thirds per centum of wages during one hundred weeks.”