367 So.2d 1264 (1979)
John W. CLARIUS, Jr., Plaintiff-Appellant,
v.
FOGLEMAN TRUCK LINES, INC., et al., Defendants-Appellees.
No. 6822.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1979.
Neblett, Fuhrer & Flournoy by George A. Flournoy, Alexandria, for plaintiff-appellant.
Gold, Little, Simon, Weems & Bruser, Edward E. Rundell, Alexandria, for defendants-appellees.
Before CULPEPPER, GUIDRY and SWIFT, JJ.
SWIFT, Judge.
This is a suit for workmen's compensation benefits brought by the appellant, John W. Clarius, Jr., against his employer, Fogleman Truck Lines, Inc., and its insurer, United States Fidelity and Guaranty Company. The sole issue for determination on this appeal is whether or not the trial judge erred in his interpretation of LSA-R.S. 23:1221(4)(O) when he declined to award compensation to appellant thereunder for a slight loss of the function of his left arm because he was not disabled.
*1265 During the course of his employment with Fogleman on January 28, 1976, Mr. Clarius' arm was pinned between a forklift and a trailer, resulting in a severe contusion to the left elbow and forearm. On February 11, 1976, Dr. L. D. Perdue, an orthopedic surgeon who was the attending physician, discharged appellant from his care with instructions to return to his usual work. The doctor did not feel there was any residual permanent physical impairment or disability at that time.
Appellant was also examined by Dr. R. K. Tischler, a chest surgeon, at the request of his attorney on March 21, 1977. This physician found moderate tenderness and a depression defect in the left upper forearm, with a visible bulge in the muscle near the depression on contraction of the forearm muscles. Dr. Tischler made no estimate of disability or prognosis and suggested this be done by an orthopedist.
Appellant was subsequently examined by Dr. John T. Weiss, an orthopedic surgeon, on June 28, 1977. Dr. Weiss diagnosed appellant's injury as a tear of the flexor masses of the left forearm. It was his opinion that the injury would increase the appellant's fatigue factor on usage, there was weakness of the three middle fingers of the left hand on contraction and there would be some soreness on excessive use of the arm. Because of these, the doctor concluded that Clarius had suffered a mild permanent impairment which he rated at 10% of the upper extremity, but he was able to continue doing the same work as before the accident.
Thus, the preponderance of evidence is to the effect that while it will not adversely affect appellant's ability to perform his usual work, this job-related injury has resulted in a permanent 10% loss of the use or function of his left arm. Ventress v. Danel-Ryder, Inc., 225 So.2d 765 (La.App. 3 Cir. 1969).
Because of his injury Clarius missed approximately two weeks of work and incurred medical expenses totaling $351.25. The compensation benefit of $75.62 which was due him for the second week of his temporary total disability and the medical expenses were paid by appellees.
In his written reasons for judgment rejecting appellant's demands the trial judge said:
"The plaintiff suffered a crushing type injury to a muscle of the left forearm. The injured muscle healed leaving an obvious disfigurement as shown by a photograph which is in evidence. There is also a very, very slight loss of function. The evidence indicates that the plaintiff will suffer minimal increased fatigue upon prolonged heavy exertion. This injury is not severe enough to handicap the plaintiff in gaining employment nor will it impair his performing his normal duties. The Court does not feel that this injury is disabling within the meaning of R.S. 23:1221(4)(O) nor is there a serious permanent impairment within the meaning of R.S. 23:1221(4)(p)."
LSA-R.S. 23:1221 provides the benefits to which an employee is entitled for a compensable injury. The first three subsections deal with temporary total, permanent total and partial disability to perform work. Subsection (4) (a through p) provide benefits for the total or partial loss of specified members of the body, the permanent partial loss of the use or function of such members, a serious permanent disfigurement about the face or head and a serious permanent impairment of the usefulness of a physical function of a part of the body not otherwise specifically provided for.[1]
* * * * * *
*1266 We believe the trial judge was correct in concluding that subsection 1221(4)(p) was inapplicable, not only for the stated reason that there was no "serious" permanent impairment of appellant's arm, but also because, as this court pointed out in regard to that subsection in Jack v. Fidelity & Casualty Co. of New York, 326 So.2d 584, 586 (La.App. 3 Cir. 1976), writ refused, 330 So.2d 295 (La.1976):
"It is well settled that no award can be made for disfigurement or impairment of a physical function as provided by the above quoted language where either the disability provisions or the specific injury schedule applies. See Malone, Louisiana Workmen's Compensation, Sections 283 and 284, pages 362 et seq. and the numerous authorities cited therein."
However, we find that he erred in not awarding benefits under subsection (4)(O) even though it was clear from the evidence that appellant's permanent 10% loss of use or function of his arm will not disable him from performing his usual work.
Although no compensation was awarded because the plaintiff failed to establish a loss of use or function of the injured member, in Howard v. Tri-State Ins. Co., 359 So.2d 245, 246 (La.App. 2 Cir. 1978) the court said:
"For plaintiff to have a claim within the provisions of R.S. 23:1221(4)(e) and (O) he need only establish that as a result of his compensable injury he sustained partial loss of the use or function of his hand. He is not required to establish disability to perform work. Babineaux v. Great American Insurance Company, 245 La. 718, 160 So.2d 591 (La.1964).
Babineaux involved an injurycaused surgical amputation of the distal joint of an employee's left index finger which admittedly had no disabling effect on his ability to work. On finding that the plaintiff had suffered a 10% loss of the finger, the Supreme Court awarded compensation under R.S. 23:1221(4)(b), (O).
In a similar case where the plaintiff lost the first phalanx of the middle finger of his right hand, but was able to return to his usual work within a short time after the accident, this court held that he was entitled to compensation benefits under LSA-R.S. 23:1221(4)(O), subject to a credit for compensation previously paid for his temporary total disability. Manuel v. Travelers Insurance Company, 245 So.2d 519 (La.App. 3 Cir. 1971). The same result was reached in Johnson v. Insurance Company of North America, 236 So.2d 825 (La.App. 3 Cir. 1970). Similar awards have been made by our other courts of appeal in Pennywell v. Crawford, 262 So.2d 830, (La.App. 2 Cir. 1972); Beverly v. Phoenix of Hartford Insurance Co., 247 So.2d 269 (La.App. 4 Cir. 1971) writ refused, 259 La. 60, 249 So.2d 202 (La.1971); and Kimble v. Maryland Casualty Co., 360 So.2d 522 (La.App. 2 Cir. 1978).
We interpret LSA-R.S. 23:1221 as did the court prior to the 1975 amendment in Allen v. Insurance Company of North America, 216 So.2d 400, 402 (La.App. 4 Cir. 1968):
"If a specific disability can be shown, the question then arises as to what schedule of payments will be allowed under LSA-R.S. 23:1221. If the employee cannot perform work of any reasonable character, whether temporary total, permanent total, or partial, during the period of disability, then the provisions of subsections (1), (2), and (3) of LSA-R.S. 23:1221 apply. However, if it is shown that the employee is able to return to work irrespective of the injury, then compensation is allowed under one of the specific provisions of subsection (4) of the Act."
The same interpretation has been given subsection 1221(4)(p). In Ventress, supra, this court said:

*1267 "The basis of the award under this statutory section is not disability. It is to allow a limited award for a permanent residual of a work-injury which does not produce disability but which will seriously hinder the employee for the rest of his life."
And in Jack, supra, we quoted the following from Bergeron v. New Amsterdam Casualty Co., 243 La. 108, 141 So.2d 832 (1962):
"Since the section provides compensation for disfigurement or impairment unattended by disability, it transcends the historic base for workmen's compensation: the diminution of earning capacity. However, it is not a catch-all clause, as contended by plaintiffs." (Footnotes omitted)
From our study of the statute and the jurisprudence referred to above, we believe that workmen's compensation benefits are to be awarded under R.S. 23:1221(4)(O) despite the fact that an employee's loss of use or function of the member is not disabling, i. e., will not impair his ability to fully perform all aspects of his former occupation. We realize that such interpretation may be contrary to that expressed by the Court of Appeal, First Circuit, in Lee v. Royal Indemnity Co., 149 So.2d 606 (La. App. 1 Cir. 1963); Brewer v. Travelers Insurance Company, 244 So.2d 909 (La.App. 1 Cir. 1971); and Sallinger v. Sachse Electric Company, 255 So.2d 159 (La.App. 1 Cir. 1971), wherein small percentage permanent impairments of legs and a finger were held to be "non-functional" because they did not affect the respective employee's ability to perform his former occupation. However, we feel obliged to follow the other decisions referred to above and particularly the Supreme Court case of Babineaux v. Great American Insurance Co., supra.
In this case the appellant is entitled to weekly benefits amounting to 10% of 662% of his weekly wage of $113.44. However, as this amounts to $7.56 and the minimum for weekly benefits under LSA-R.S. 23:1202 at the time of this accident was $25.00, the award will be in the latter amount for a period of 200 weeks, subject to a credit of $75.62 for compensation previously paid for temporary total disability.
For the reasons assigned, the judgment of the lower court is reversed and we render judgment herein in favor of the plaintiff, John W. Clarius, Jr., and against the defendants, Fogleman Truck Lines, Inc. and United States Fidelity and Guaranty Company, in solido, for workmen's compensation benefits in the sum of $25.00 per week for a period of 200 weeks from January 28, 1976, less a credit of $75.62 for compensation previously paid, together with legal interest on each unpaid instalment from delinquency until paid, and all costs of this suit, including appeal. The expert witness fee of Dr. John T. Weiss, is fixed in the sum of $100.00 and taxed as costs.
REVERSED AND RENDERED.
NOTES
[1] The pertinent provisions of LSA-R.S. 23:1221(4) (a through p) are:

"(4) In the following cases, the compensation shall be as follows:
* * * * * *
(f) For the loss of an arm, sixty-six and two-thirds per centum of wages during two hundred weeks.
(O) In all cases involving a permanent partial loss of the use or function of the members mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such members as the disability to such members bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable for the loss of such member.
* * * * * *
(p) In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-six and two-thirds per centum of wages during one hundred weeks."